Exhibit A

발송처

서울중앙지방법원

서울 서초구 서초중앙로 157

06594

서울 강남구 테헤란로 521,

8층(삼성동, 파르나스타워)

피신청인1    Rankwave Co.,Ltd.

 06164

2060802- **789044** ↓

(민사신청과 53단독심리)

2019-020-61-099

---

이 사건의 사건번호는 서울중앙지방법원

# 2019러 61    사법공조(송달촉탁)

예정 기일 :

담당재판부 : 53단독심리                법원주사 최찬진

직통 전화 : 530-1804

팩    스 :

e-mail :

재판부 이메일 주소는 문의사항을 연락하기 위한 연락처이므로 재판부 이메일 주소로 전자
문서를 전송하는 경우에는 서면을 제출한 효력이 발생하지 아니함을 유의하시기 바랍니다.
사건진행과 관련된 정보(송달과 확정내역 포함)는 대한민국법원 홈페이지
(http://www.scourt.go.kr) '나의사건검색' 란에서 편리하게 조회할 수 있습니다.
다만, 부동산경매사건은 대한민국법원 경매정보홈페이지(http://www.courtauction.go.kr)
경매사건검색에서 조회할 수 있습니다.

---

# WARNING
## AVERTISSEMENT

**Identity and address of the addressee**
Identité et adresse du destinataire
Rankwave Co., Ltd.
ATTN: Sungwha Shim, Chief Executive Officer
521 Teheran Road, 8th Floor (Samseong-dong, Parnass Tower)
Gangnam-Gu, Seoul 〒06164, South Korea

## IMPORTANT

**THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.**

**IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.**

**ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:**

## TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE, SOIT DANS VOTRE PAYS, SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :

Bay Area Legal Aid
San Mateo County, Redwood City Office
1048 El Camino Real, Suite A, Redwood City, CA 94063
(650) 358-0745

**It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.**

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis, soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.

## SUMMARY OF THE DOCUMENT TO BE SERVED
### ÉLÉMENTS ESSENTIELS DE L'ACTE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).**

Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).

| | |
|---|---|
| **Name and address of the requesting authority:**<br>Nom et adresse de l'autorité requérante : | Ethan Dettmer<br>Gibson, Dunn & Crutcher LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921 |
| **Particulars of the parties*:**<br>Identité des parties* : | Plaintiff: Facebook, Inc.<br>Defendant: Rankwave Co., Ltd. |

\* If appropriate, identity and address of the person interested in the transmission of the document
S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte

☒ **JUDICIAL DOCUMENT\*\***
ACTE JUDICIAIRE\*\*

| | |
|---|---|
| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | To inform the defendant of the claims made against it and to demand its response within 30 days from the date of service. |
| **Nature and purpose of the proceedings and, when appropriate, the amount in dispute:**<br>Nature et objet de l'instance, le cas échéant, le montant du litige : | 1) Breach of contract, 2) breach of the implied covenant of good faith and fair dealing, 3) unlawful, unfair, or fraudulent business practices.<br>Amount in dispute: $9.8 million plus other provable damages |
| **Date and Place for entering appearance\*\*:**<br>Date et lieu de la comparution\*\* : | 400 County Center<br>Redwood City, CA 94063, United States<br>Must appear within 30 days from the date of service |
| **Court which has given judgment\*\*:**<br>Juridiction qui a rendu la décision\*\* : | N/A |
| **Date of judgment\*\*:**<br>Date de la décision\*\* : | N/A |
| **Time limits stated in the document\*\*:**<br>Indication des délais figurant dans l'acte\*\* : | Defendant must answer within 30 days from the date of service. |

\*\* if appropriate / s'il y a lieu

☐ **EXTRAJUDICIAL DOCUMENT\*\***
ACTE EXTRAJUDICIAIRE\*\*

| | |
|---|---|
| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | |
| **Time-limits stated in the document**:**<br>Indication des délais figurant dans l'acte** : | |

** if appropriate / s'il y a lieu

## WARNING
## 주의사항

**Identity and address of the addressee**
수신인의 신원 및 주소
Rankwave Co., Ltd.
ATTN: 심성화, CEO
대한민국 서울특별시 강남구 테헤란로 521, 8 층 (삼성동, 파르나스 타워)
〒06164

### IMPORTANT

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

### 중요

동봉된 문서는 법적 문서이며 귀하의 권리와 의무에 영향을 미칠 수 있습니다. '송달 예정 문서 개요'에서 문서의 종류 및 목적에 관한 정보를 보실 수 있습니다. 이 문서를 주의 깊게 읽어야합니다. 법적 조언을 구해야 할 지도 모릅니다.

귀하의 재무 자원이 부족한 경우 귀하가 거주하는 국가 또는 문서가 발행 된 국가에서 법적 구제 또는 조언을 얻을 수 있는 가능성에 대한 정보를 구하셔야 합니다.

서류가 발급 된 국가의 법률 보조 또는 조언의 가용성에 대한 문의는 하기 기관에 연락하십시오:

베이 지역 법률 보조 (Bay Area Legal Aid)
San Mateo County, Redwood City Office
1048 El Camino Real, Suite A, Redwood City, CA 94063
(650) 358-0745

It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.

통지서의 표준 용어는 영어와 불어로 작성하고, 적절한 경우 공식 언어 또는 문서가 작성된 국가의 공식 언어 중 하나로 작성하는 것을 권장합니다. 공란은 서류가 송부 될 국가의 언어로 또는 영어 또는 불어로 기재 할 수 있습니다.

## SUMMARY OF THE DOCUMENT TO BE SERVED
송달 예정 문서 개요

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).**

1965년 11월 15일 헤이그에서 체결된 민사 또는 상사에 관한 재판상 및 재판외분서의
외국에서의 송달과 고지에 관한 협약 (제5조, 4항).

| | |
|---|---|
| **Name and address of the requesting authority:**<br>요청 당국의 이름 및 주소: | Ethan Dettmer<br>Gibson, Dunn & Crutcher LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921 |
| **Particulars of the parties\*:**<br>당사자의 상세정보\* : | 원고: Facebook, Inc.<br>피고: Rankwave Co., Ltd. |

\* If appropriate, identity and address of the person interested in the transmission of the document
적합하다면 문서 전송에 관심이 있는 사람의 신원 및 주소

☒ **JUDICIAL DOCUMENT\*\***
사법 서류\*\*

| | |
|---|---|
| **Nature and purpose of the document:**<br>문서의 종류 및 목적: | 피고에게 제기된 클레임에 대해 피고에게<br>알리고 송달 일자로부터 30 일 이내에 응답을<br>요구함. |
| **Nature and purpose of the proceedings and, when appropriate, the amount in dispute:** 소송<br>절차의 유형 및 목적, 그리고 적용된다면 분쟁 금액: | 1) 계약 위반, 2) 성실하고 공정한 거래의 암묵적<br>연약 위반, 3) 불법, 불공정 또는 사기성 사업<br>관행. 분쟁 금액: 980 만 달러 및 기타 입증<br>가능한 손해 |
| **Date and Place for entering appearance\*\*:**<br>출두 일자 및 장소\*\* : | 400 County Center<br>Redwood City, CA 94063, 미합중국<br>송달일로부터 30 일내에 출두해야함. |
| **Court which has given judgment\*\*:**<br>판결을 내린 법원\*\* : | N/A |
| **Date of judgment\*\*:**<br>판결 일자\*\* : | N/A |
| **Time limits stated in the document\*\*:**<br>문서에 기재된 제한기간\*\* : | 피고는 송달일로부터 30일내에 응답해야함. |

\*\* if appropriate / 적합할 시

☐ **EXTRAJUDICIAL DOCUMENT\*\***
재판외 문서\*\*

| Nature and purpose of the document:<br>문서의 종류 및 목적: | |
| Time-limits stated in the document**:<br>문서에 기재된 제한기간** : | |

** if appropriate / 적합할 시

# CERTIFICATION OF TRANSLATION

## and

# DECLARATION

State of California      )

                        )     S. S.

Los Angeles County    )

       I, Soomi Ko, the undersigned, declare under penalty of perjury that I am a duly certified Korean Court Interpreter approved by the United States District Courts, certified by the State of California and the Los Angeles County Superior Courts, with competent knowledge of Korean and English, and that I have truthfully and correctly translated the document titled **Request for Service Abroad of Judicial or Extrajudicial Documents re: Facebook, Inc. v. Rankwave Co., Ltd., Case No. 19CIV02592** from English to Korean and that the said translation is, to the best of my knowledge and belief, a true and correct translation. I further declare under penalty of perjury that I am neither counsel for, related to, nor employed by any of the parties, and that I have no financial or other interest in the outcome of any action related to this translation. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2019

Soomi Ko
California State Certified Court Interpreter
#300732
Direct: (213) 999-7848
soomi@komartin.com
www.komartin.com

Ko & Martin Certified Interpreters and Translators
Specializing in Korean and Chinese Languages

KO & MARTIN Certified Interpreters and Translators www.komartin.com  (213) 999-7848

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Rankwave Co., Ltd.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Facebook, Inc.

**ENDORSED FILED**
**SAN MATEO COUNTY**

**MAY 1 0 2019**

Clerk of the Superior Court
By _____ M. MARLOWE _____
**DEPUTY CLERK**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Mateo County Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>**19 C I V 0 2 5 9 2** |
|---|---|

400 County Center
Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
521 Teheran Road, 8th Floor (Samsun-dong, Parnass Tower), Gangnam-gu, Seoul, South Korea

| DATE: **MAY 1 0 2019**<br>*(Fecha)* | Clerk, by **NEAL I. TANIGUCHI** **M. MARLOWE** Deputy<br>*(Secretario)* _____ *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Rankwave Co., Ltd.

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

SUM-100

# 소환장

**피고 통지서:**
Rankwave Co., Ltd.

**귀하는 원고로부터 고소당했습니다:**
Facebook, Inc.

| 법원 사용 한정 |
| --- |
| **승인 접수** |
| 샌 마테오 카운티 |
| **2019 년 5 월 10 일** |
| 상급법원 서기 |
| <u>M. Marlowe</u>, 서기보 |

**통지!** 귀하는 고소당했습니다. 30 일 이내에 응답하지 않으면 법원은 귀하 측 사건을 듣지 않고 귀하에게 반하는 판결을 내릴 수 있습니다. 하기 정보를 읽으십시오.

귀하는 본 소환장 및 법정 서류를 송달받고 30 일 달력 날짜 이내에 법원에 서면 답변서를 제출할 수 있으며 원고에게도 사본을 보내야 합니다. 전화 또는 편지를 보내는 것은 귀하를 보호해 주지 않습니다. 법원에게 귀하 측 사건을 들어주길 원한다면 적절한 법정 양식을 따라 서면답변서를 작성해야 합니다. 귀하의 답변에 사용할 수 있는 법정양식이 있을 수 있습니다. 이러한 법정양식과 더욱 많은 정보는 캘리포니아 법원 온라인 셀프 헬프 센터 (*www.courtinforca.gov/selfhelp*), 카운티 법 도서관 또는 가까운 법원에서 찾을 수 있습니다. 접수비를 낼 수 있는 형편이 안된다면 법원서기에게 접수비 면제 양식에 대해 문의하십시오. 시한 내에 답변서를 제출하지 않을 경우, 궐석판결로 폐소할 수 있으며 법원은 다른 경고 없이 귀하의 임금, 현금 및 동산을 압류할 수 있습니다.

그 외 다른 법적 필수사항들이 있습니다. 원한다면 즉시 변호사에게 연락하십시오. 선임할 변호사가 없다면 변호사 소개서비스에 연락합시오. 변호사를 채용할 수 있는 형편이 안된다면 비영리 법률 서비스 단체로부터 무료 법률서비스를 받을 수 있는 자격이 될 수도 있습니다. 캘리포니아 법률서비스 웹사이트 (*www.lawhelpcalifornia.org*), 캘리포니아 법원 온라인 셀프 헬프 센터 (*www.courtinforca.gov/selfhelp*), 또는 지역 및 카운티 변호사협회에 연락하여 이같은 비영리단체를 찾을 수 있습니다. **주요사항:** 민사사건에서 $10,000 이상의 합의금 또는 중재 배상을 받을 경우 면제된 접수비 및 비용에 대해 법원은 제정법에 의한 선취권을 행사할 것입니다. 법원 선취금을 먼저 지불해야만 법원에서 사건을 기각해 줄 것입니다.

| 법원명 및 주소:<br>샌 마테오 상급법원<br>400 County Center<br>Redwood City, CA 94063 | 사건번호<br><br>**19CIV02592** |
| --- | --- |

원고 변호사 이름, 주소, 전화번호 또는 원고, 변호사 없이:
대한민국 서울시 강남구 테헤란로 521, 8 층 (삼성동, 파르나스 타워)

날짜: <u>2019 년 5 월 10 일</u>            서기:   NEAL I. TANIGUCHI     M. MARLOWE ,
서기보

---

(본 소환장 송달 증명은 소환장 송달증명서 (양식 POS-010)를 사용하시오.)

| (SEAL) | **송달 받은 사람에게 통지함:** 귀하는 소환장을 송달 받았습니다.<br>1. (　) 피고 개인으로<br>2. (　) 가칭이름으로 고소당함 (*설명 요망*)<br><br>3. ( ✓ ) 다음을 대신하여 (*설명 요망*)<br>　　　(✓) CCP 416.10 (법인)　　　(　) CCP 416.60 (미성년자)<br>　　　(　) CCP 416.20 (폐지법인)　(　) CCP 416.70 (피보호자)<br>　　　(　) CCP 416.40 (협회 또는 동업)　(　) CCP 416.90 (관리권자)<br>　　　(　) 기타 (*설명 요망*):<br>4. (　) 직접송달함. (*날짜*): |
| --- | --- |

페이지 1/1

# CERTIFICATION OF TRANSLATION

## and

## DECLARATION

State of California            )
                               )      S. S.
Los Angeles County             )

   I, Soomi Ko, the undersigned, declare under penalty of perjury that I am a duly certified Korean Court Interpreter approved by the United States District Courts, certified by the State of California and the Los Angeles County Superior Courts, with competent knowledge of Korean and English, and that I have truthfully and correctly translated the document titled **Summons re: Facebook, Inc. v. Rankwave Co., Ltd., Case No. 19CIV02592** from English to Korean and that the said translation is, to the best of my knowledge and belief, a true and correct translation. I further declare under penalty of perjury that I am neither counsel for, related to, nor employed by any of the parties, and that I have no financial or other interest in the outcome of any action related to this translation. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2019

_____

Soomi Ko
California State Certified Court Interpreter
#300732
Direct: (213) 999-7848
soomi@komartin.com
www.komartin.com

Ko & Martin Certified Interpreters and Translators
Specializing in Korean and Chinese Languages

1   GIBSON, DUNN & CRUTCHER LLP
    ORIN SNYDER (*pro hac vice* pending)
2   osnyder@gibsondunn.com
    ALEXANDER SOUTHWELL (*pro hac vice* pending)
3     asouthwell@gibsondunn.com
    200 Park Avenue
4   New York, NY 10166-0193
    Telephone: 212.351.4000
5   Facsimile: 212.351.4035

6   GIBSON, DUNN & CRUTCHER LLP
    ETHAN DETTMER, SBN 196046
7     edettmer@gibsondunn.com
    KIM DO, SBN 324131
8     kdo@gibsondunn.com
    555 Mission Street, Suite 3000
9   San Francisco, CA 94105-0921
    Telephone:   415.393.8200
10  Facsimile:   415.393.8306

11  Attorneys for Facebook, Inc.

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  FOR THE COUNTY OF SAN MATEO

14  FACEBOOK, INC., a Delaware corporation,     CASE NO. 19CIV02598

15          Plaintiff,                          **COMPLAINT FOR**

16      v.                                      1)  **BREACH OF CONTRACT**

                                                2)  **BREACH OF THE IMPLIED**
17  RANKWAVE CO., LTD.,                             **COVENANT OF GOOD FAITH AND**
                                                    **FAIR DEALING**
18          Defendant.
                                                3)  **UNLAWFUL, UNFAIR, OR**
19                                                  **FRAUDULENT BUSINESS PRACTICES**

20

21                                              **DEMAND FOR JURY TRIAL**

22

23

24      Plaintiff Facebook, Inc. brings this action for monetary damages and equitable relief against

25  Defendant Rankwave Co., Ltd. ("Rankwave").

26

27

28

Gibson, Dunn &
Crutcher LLP

                                    1
                    COMPLAINT AND DEMAND FOR JURY TRIAL

ENDORSED FILED
SAN MATEO COUNTY

MAY 10 2019

Clerk of the Superior Court
BY M. MARLOWE
DEPUTY CLERK

**INTRODUCTION**

1.       Rankwave is an application ("app") developer that breached its contract with Facebook by violating Facebook's policies and California law.  Specifically, Rankwave (i) used data associated with Rankwave's apps to offer advertising and marketing services, and (ii) failed to comply with Facebook's requests for proof of Rankwave's compliance with Facebook policies, including an audit. These actions are prohibited by Facebook's policies, by which Defendant contractually agreed to abide.

2.       Since approximately 2010, Rankwave has developed and operated different kinds of apps on the Facebook Platform.  Rankwave used the Facebook data associated with Rankwave's apps to create and sell advertising and marketing analytics and models—which violated Facebook's policies and terms.

3.       Facebook brings this action for breach of contract and violations of California law. Facebook seeks damages and an injunction requiring Rankwave's specific performance of its obligations under Facebook Platform Policy 7.9, which requires Rankwave to respond to Facebook's requests for proof of Rankwave's compliance with Facebook policies, comply with Facebook's request for an audit, and delete any Facebook data that Rankwave possesses in violation of Facebook's policies.

**PARTIES**

4.       Facebook is a Delaware corporation with its principal place of business in Menlo Park, San Mateo County, California.

5.       Defendant Rankwave Co., Ltd., is a South Korean corporation that provides computer programming services and data analytics solutions.  Rankwave is headquartered and registered at 521 Teheran Road, 8th Floor (Samsun-dong, Parnass Tower), Gangnam-gu, Seoul, South Korea.  During the period from approximately 2010 to 2019, and potentially at other times, one or more Rankwave employees and developers created and administered multiple apps on behalf of Rankwave.

**JURISDICTION AND VENUE**

6.       This Court has subject matter jurisdiction pursuant to California Code of Civil Procedure § 410.10. The amount in controversy exceeds the jurisdictional minimum of this Court, and the total amount of damages sought exceeds $25,000, exclusive of interest and costs.  The contractual

1   interest at stake in this litigation has significant value to Facebook.  Further, Rankwave's unlawful
2   conduct and breaches have interfered with Facebook's business.

3       7.      The Court has personal jurisdiction over Rankwave as a result of its substantial,
4   continuous, and systematic contacts with the State of California; because it has purposely availed itself
5   of the benefits and privileges of conducting business activities in California; and because the claims
6   asserted in this Complaint arise from and relate to those actions Rankwave directed toward California,
7   causing foreseeable harm and injuries within this State.

8       8.      The Court also has personal jurisdiction over Rankwave because Rankwave used the
9   Facebook Platform and thereby agreed to Facebook's Terms of Service ("TOS").  By agreeing to the
10  TOS, Rankwave, in relevant part, agreed to submit to the personal jurisdiction of this Court for
11  litigating claims, causes of action, or disputes with Facebook.

12      9.      Venue is proper in this Court because a substantial part of the events giving rise to the
13  claims raised in this lawsuit occurred in San Mateo County and because Rankwave agreed to comply
14  with Facebook's TOS, which require disputes to be resolved in the Northern District of California or a
15  state court located in San Mateo County.

16                                  **FACTS**

17  **A.    Background**

18      10.     Facebook is a social networking website and mobile application that enables its users to
19  create their own personal profiles and connect with each other on mobile devices and personal
20  computers.  As of March 2019, Facebook daily active users averaged 1.5 billion and monthly active
21  users averaged 2.3 billion, worldwide.

22      11.     Facebook also operates a "Development Platform" referred to as the "Facebook
23  Platform."  This technological medium enables app developers ("Developers") to run apps that interact
24  with Facebook and Facebook users.

25
26
27
28

Gibson, Dunn &
Crutcher LLP

1      12.    Facebook permits Developers to access and interact with the Facebook Platform, subject

2   to and restricted by Facebook's TOS and Platform Policies.[1]

3      **Facebook's TOS**

4      13.    All Facebook users, including Developers, agree to comply with Facebook's TOS when

5   they create a Facebook account.  Everyone who uses Facebook must agree to Facebook's TOS

6   (available at https://www.facebook.com/terms.php), and other rules that govern different types of

7   access to, and use of, Facebook.  These other rules include Facebook's Community Standards

8   (available at https://www.facebook.com/communitystandards/), and Platform Policies (available at

9   https://developers.facebook.com/policy/).

10      14.    Section 3.2 of the TOS prohibits using Facebook to do anything "[t]hat violates these

11  Terms, and other terms and policies," and that "is unlawful, misleading, discriminatory or fraudulent."

12      **Platform Policies**

13      15.    Developers operating on the Facebook Platform agree to the Platform Policies.

14      16.    The Platform Policies impose obligations and restrictions on Developers, including that

15  Developers must obtain consent from the users of their apps before they can access their data on

16  Facebook. The Platform Policies largely restrict Developers from using Facebook data outside of the

17  environment of the app, for any purpose other than enhancing the app users' experience on the app.

18      17.    Through the Platform Policies, Developers agree that Facebook can audit their apps to

19  ensure compliance with the Platform Policies and other Facebook policies.  Developers agree to

20  provide proof of such compliance if Facebook so requests.  Developers agree to the Platform Policies

21  at the time they first sign up to the Platform, and continue to agree to the Platform Policies as a condition

22  of using Facebook's Platform.  Over time, the Platform Policies have imposed substantially the same

23  restrictions on the use and collection of Facebook data.

24

25

26

27

28

---

[1] Over the years, the "Platform Policies" have been called the "Developer Principles and Policies," the "Platform Guidelines," or the "Developer Terms of Service."  For simplicity, this Complaint uses the term "Platform Policies" to refer to these policies.

4

18.     The relevant Platform Policies state:

"Only use an entity's data on behalf of the entity (i.e., only to provide services to that entity and not for your own business purposes or another entity's purposes)." Facebook Platform Policy, Section 6.1.

"[Facebook] or an independent auditor acting on our behalf may audit your app, systems, and records to ensure your use of Platform and data you receive from us is safe and complies with our Terms, and that you've complied with our requests and requests from people who use Facebook to delete user data obtained through our Platform. If requested, you must provide proof that your app complies with our terms." Facebook Platform Policy, Section 7.9.

**B.      Rankwave Agreed to Facebook's TOS and Platform Policies**

19.     Rankwave created a public Facebook Page—a profile on Facebook used to promote a business or other commercial, political, or charitable organization or endeavor—on or about February 3, 2012. Rankwave also created a Facebook business account on or about September 15, 2014. At all relevant times, Rankwave was a Facebook user that agreed to and was bound by the TOS.

20.     Between approximately 2010 and 2019, Rankwave's employees and agents created and operated apps on behalf of Rankwave on the Facebook Platform. Rankwave's employees and agents accepted and agreed to be bound by the Platform Policies on behalf of Rankwave.

**C.      Rankwave Created and Operated Different Apps on the Facebook Platform**

21.     Between 2010 and 2019, Rankwave operated at least thirty apps on the Facebook Platform (collectively, "Rankwave's apps"). Before Rankwave's apps could access Facebook data, Rankwave had to obtain the app users' consent.

22.     Rankwave developed different kinds of apps including apps used by businesses ("business to business" or "B2B apps") and apps used by individual Facebook users ("consumer apps"). Rankwave's B2B apps were installed and used by businesses to track and analyze activity on their Facebook Pages ("Facebook Pages data"). Facebook Pages data commonly includes public comments and likes on Facebook Pages. Users of Rankwave's B2B apps included a South Korean department store, tourism organization, and baseball team.

23.     Rankwave also operated different consumer apps, which were installed by individual app users. For example, between March 19, 2012 and March 30, 2018, Rankwave operated a consumer app called the "Rankwave App." This consumer app was designed to measure the app user's popularity on Facebook by analyzing the level of interaction that other users had with the app user's Facebook

1   posts. On its website, Rankwave claimed that this app calculated a user's "social influence score" by

2   "evaluating your social activities" and receiving "responses from your friends." The Rankwave App

3   stopped operating on the Facebook Platform on or about March 30, 2018.

4   **D.      Facebook's Investigation of Rankwave's Acquisition by a Korean Entertainment**

5   **Company**

6          24.     In or about June 2018, Facebook began investigating Rankwave in connection with its

7   acquisition by a Korean entertainment company.

8          25.     On information and belief, at the time of the acquisition in May 2017, the Facebook data

9   associated with Rankwave's various apps received a valuation of approximately 11 billion South

10  Korean won (approximately $9,800,000).

11         26.     On information and belief, beginning no later than 2014, instead of only using data

12  associated with its apps to enhance the app experience, Rankwave also used Facebook Pages data

13  associated with its apps for its own business purposes, which include providing consulting services to

14  advertisers and marketing companies. This is prohibited by Facebook Policy 6.1.

15  **E.      Facebook's Attempts to Exercise Its Contractual Right to an Audit Pursuant to the**

16  **Platform Policies**

17         27.     As part of its investigation, Facebook sought to determine whether Rankwave had used

18  any user data (as opposed to Facebook Pages data) to provide marketing and advertising services. On

19  or about January 17, 2019, Facebook sent Rankwave a written request for information ("RFI") by

20  email. The RFI requested proof that Rankwave was in compliance with its contractual obligations

21  under Facebook's Policies and TOS. Facebook also sought to determine which specific Facebook data

22  Rankwave used to sell advertising and marketing services, including whether any user data had been

23  impacted. Rankwave's response to the RFI was due January 31, 2019.

24         28.     On January 29, 2019, Facebook sent an email to Rankwave reminding them that their

25  response to the RFI was due on January 31, 2019.

26         29.     Rankwave did not respond to Facebook's emails or the RFI by January 31, 2019, despite

27  its obligations under Platform Policy 7.9 to provide proof of compliance with Facebook's Platform

28  Policies and TOS.

Gibson, Dunn &
Crutcher LLP

6

30.     On February 13, 2019, Facebook sent Rankwave a cease and desist letter ("C&D Letter"). The C&D Letter informed Rankwave that it had violated and continued to violate the Platform Policies, including Policy 7.9, by failing to provide proof of compliance with Facebook's Platform Policies and TOS.

31.     The C&D Letter demanded that Rankwave:

(i)     Provide a full accounting of Facebook user data in its possession;

(ii)    Identify all individuals, organizations, and governmental entities to which it had sold, or otherwise distributed, Facebook user data;

(iii)   Provide a full record of the access logs and permissions it had granted third parties to access the data;

(iv)    Delete and destroy all Facebook user data after returning it to Facebook; and

(v)     Provide Facebook with full access to all storage and related devices so that Facebook could confirm deletion and destruction of the data through an audit.

32.     In the C&D Letter, Facebook reserved all rights to take action to enforce Facebook's policies and terms, including the Platform Policies and TOS, in order to protect its users, website, services, network, and Platform.  The letter explained that Facebook would consider Rankwave's failure to respond as an admission that it had violated Facebook policies and terms.

33.     On or about February 17, 2019, Rankwave began to try to lull Facebook with false representations that it would respond to Facebook but needed more time.  Specifically, Rankwave responded to Facebook's C&D Letter in an email and stated that Rankwave's chief technology officer had resigned, and thus Rankwave needed more time to respond.

34.     Facebook replied on or about February 19, 2019, explained this was a serious and urgent matter for Facebook, and demanded that Rankwave comply with the C&D Letter and respond in writing to the RFI by February 21, 2019.

35.     On or about February 20, 2019, Rankwave responded by email and claimed that it had not violated Facebook's TOS or Platform Policies, but Rankwave failed to provide any proof in support, any responses to the RFI, and ignored the demands in the C&D Letter, including the audit request. Rankwave further claimed that it had not had access to any of its Facebook apps since 2018.

Gibson, Dunn &
Crutcher LLP

7

1   This statement was false, however, as Rankwave continued to use at least one of its B2B apps until at
2   least April 2019.

3       36.     On or about February 23, 2019, Facebook sent an email to Rankwave demanding that
4   Rankwave comply with the C&D Letter and provide written answers to the RFI by February 25, 2019.

5       37.     On or about February 25, 2019, Rankwave claimed in an email that it would need nine
6   additional days to respond because its leadership was visiting Spain.

7       38.     On or about February 27, 2019, Facebook agreed via email to extend the time for
8   Rankwave to respond to March 6, 2019, but warned that it would not give any further extensions of
9   time.  Rankwave failed to respond.

10       39.     To date, Rankwave has failed to comply with the RFI, C&D Letter, audit request, and
11   Facebook's other requests for proof of Rankwave's compliance with Facebook's policies, including
12   the Platform Policies and TOS.

13   F.    **Rankwave's Unlawful Acts Have Caused Facebook Harm**

14       40.     Rankwave's breaches of Facebook's Platform Policies and other misconduct described
15   above have harmed Facebook, including by negatively impacting Facebook's service.

16       41.     Rankwave's misconduct also has harmed Facebook's reputation, public trust, and
17   goodwill, and caused Facebook to spend resources investigating and redressing Rankwave's wrongful
18   conduct.  Facebook has suffered damages attributable to the efforts and resources it has used to
19   investigate, address, and mitigate the matters set forth in this Complaint.

20       42.     Rankwave has been unjustly enriched by its activities at the expense of Facebook.

21       43.     Monetary damages would not adequately remedy the breach of Facebook's contractual
22   right to audit Rankwave to determine Rankwave's compliance with Facebook's Platform Policies and
23   TOS.

24       44.     The only adequate remedy for Rankwave's breach with respect to Facebook's audit right
25   is Rankwave's specific performance of its contractual obligations to Facebook to comply with
26   Facebook's audit request and provide proof of compliance with Facebook's Platform Policies and TOS.

27
28

Gibson, Dunn &
Crutcher LLP

COMPLAINT AND DEMAND FOR JURY TRIAL

45.     Rankwave received adequate consideration for its agreement with and contractual obligations to Facebook, namely its ability to develop and operate apps on the Facebook Platform. Facebook's Policies and TOS as to Rankwave are just and reasonable.

### FIRST CAUSE OF ACTION

(Breach of Contract)

46.     Facebook incorporates all other paragraphs as if fully set forth herein.

47.     Rankwave has operated a Facebook account since at least February 12, 2012, when it created a Facebook Page. When it created its Facebook account, Rankwave entered into agreements with Facebook by agreeing to Facebook's TOS.

48.     Rankwave also agreed to the Platform Policies by creating, developing, and administering dozens of apps on the Facebook Platform from approximately 2010 through approximately 2019. These apps included the Rankwave app.

49.     Rankwave breached these agreements with Facebook by taking the actions described above in violation of TOS 3.2.1 and Platform Policies 6.1 and 7.9. These include using Facebook Pages data associated with Rankwave's apps to offer advertising and marketing services; and failing to comply with Facebook's RFI requesting proof of compliance with its policies, including the Platform Policies and TOS, and its request for an audit.

50.     Facebook has performed all conditions, covenants, and promises required of it in accordance with its agreements with Rankwave.

51.     Rankwave's breaches have caused Facebook to incur damages.

52.     The harms caused by Rankwave's breach of Platform Policy 7.9 can only be adequately remedied by specific performance of the contract between Facebook and Rankwave.

### SECOND CAUSE OF ACTION

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

53.     Facebook incorporates all other paragraphs as if fully set forth herein.

54.     Rankwave deprived Facebook of the benefit of its contracts, including Facebook's contractual rights to confirm and audit Rankwave's compliance with its agreements with Facebook.

1    55.    As a result of Rankwave's breaches of the covenant of good faith and fair dealing,

2  Facebook has suffered actual and tangible damages.

3    56.    Rankwave has been unjustly enriched in the amount of $9,800,000 by violating

4  Facebook's policies, including the Platform Policies and TOS.

5                          **THIRD CAUSE OF ACTION**

6                    (Unlawful, Unfair, or Fraudulent Business Practices)

7    57.    Facebook incorporates all other paragraphs as if fully set forth herein.

8    58.    Rankwave's actions described above, constitute unlawful, unfair, or fraudulent acts or

9  practices in the conduct of a business, in violation of California's Business and Professions Code

10  Section 17200 et seq., including actions that are forbidden by other state law.

11    59.    Facebook suffered damages as a result of these violations.

12                          **PRAYER FOR RELIEF**

13  Facebook seeks judgment awarding the following relief:

14    (a)    Injunctive relief restraining Rankwave from accessing the Facebook Platform;

15    (b)    Injunctive relief requiring Rankwave to comply with Platform Policy 7.9 and respond

16  fully and accurately to Facebook's RFI and other requests for proof of compliance with Facebook's

17  Platform Policies and TOS, including a forensic data audit;

18    (c)    Injunctive relief requiring Rankwave to delete any and all Facebook data as appropriate

19  after Rankwave complies with Platform Policy 7.9;

20    (d)    Money damages, including, but not limited to, actual, consequential, incidental, and

21  exemplary damages in an amount to be determined in the course of this proceeding;

22    (e)    Disgorgement of the value of the Facebook data that Rankwave has unjustly received

23  and retained in violation of its obligations to Facebook;

24    (f)    Attorney's fees, costs, and expenses incurred in connection with investigating and

25  redressing Rankwave's misconduct;

26    (g)    Pre-judgment and post-judgment interest; and

27    (h)    All other equitable or legal relief the Court deems just and proper.

28

Gibson, Dunn &
Crutcher LLP

                                10

1  **PLAINTIFFS RESPECTFULLY DEMAND A JURY TRIAL.**

2  DATED:   May 10, 2019

3                                               GIBSON, DUNN & CRUTCHER LLP

4

5                                               By:

6                                                        Ethan D. Dettmer
                                                          Orin Snyder
7                                                      Alexander Southwell
                                                            Kim Do

8                                               Attorneys for Facebook, Inc.

9
                                                Platform Enforcement and Litigation
10                                              Facebook, Inc.
                                                     Jessica Romero
11                                                   Michael Chmelar
                                                     Stacy Chen
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  GIBSON, DUNN & CRUTCHER LLP
   ORIN SNYDER *(pro hac vice* pending)
2  osnyder@gibsondunn.com
   ALEXANDER SOUTHWELL *(pro hac vice* pending)
3    asouthwell@gibsondunn.com
   200 Park Avenue
4  New York, NY 10166-0193
   전화번호: 212.351.4000
5  팩스: 212.351.4035

6  GIBSON, DUNN & CRUTCHER LLP
   ETHAN DETTMER, SBN 196046
7    edettmer@gibsondunn.com
   KIM DO, SBN 324131
8    kdo@gibsondunn.com
   555 Mission Street, Suite 3000
9  San Francisco, CA 94105-0921
   전화번호:        415.393.8200
10 팩스:           415.393.8306

11 Facebook, Inc.의 변호사

승인 접수
샌 마테오 카운티

2019 년 5 월 10 일

상급 법원 서기
M. 말로우 서기보

12                  캘리포니아 주 상급법원

13                  샌 마테오 카운티

14

15 FACEBOOK, INC., 델라웨어 법인,

16          원고,

17     v.

18 RANKWAVE CO., LTD.,

19          피고.

20

21

22

23

사건 번호: <u>19CIV02592</u>

소장

1) 계약 위반

2) 성실하고 공정한 거래의 암묵적 언약
   위반

3) 불법, 불공정, 사기적인 사업 관행

배심재판 요구

24        원고 Facebook, Inc. 은 피고 Rankwave Co.,

25 Ltd. ("Rankwave") 에 대해 금전적 손해배상과 평형적인 구제를 구하며 이 소송을 제기한다.

26

27

28

**서문**

1.    Rankwave 는 페이스북의 정책과 캘리포니아법을 위반해 페이스북과의 계약을 위반한 애플리케이션("앱") 개발자이다. 구체적으로 Rankwave 는 (i) Rankwave 의 앱 관련 데이터를 활용해 광고 및 마케팅 서비스를 제공했고, (ii) 감사 등 Rankwave 의 페이스북 정책 준수 증명 요청에 응하지 않았다. 이러한 행위는 피고가 계약상 준수하기로 동의한 페이스북의 정책에 의해 금지된다.

2.    약 2010 년부터 Rankwave 는 페이스북 플랫폼에서 다양한 종류의 앱을 개발하고 운영해왔다. Rankwave 는 Rankwave 의 앱과 관련된 페이스북 데이터를 사용하여 광고 및 마케팅 분석과 모델을 만들어 판매했는데, 이는 페이스북의 정책과 조건을 위반한 것이다.

3.    페이스북은 계약 위반과 캘리포니아법 위반으로 이 소송을 제기한다. 페이스북은 Rankwave 가 페이스북 정책을 준수한다는 증거에 대한 페이스북의 요청에 답변하고 페이스북의 감사 요청을 준수하며 Rankwave 가 페이스북의 정책을 위반하여 소유한 페이스북 데이터를 삭제하도록 요구하는 페이스북 플랫폼 정책 7.9 에 따라 Rankwave 의 특정한 의무 이행을 요구하는 손해배상 및 금지를 청구한다.

**당사자들**

4.    페이스북은 캘리포니아 주, 샌 마테오 카운티, 멘로 파크에 본사를 둔 델라웨어 기업이다.

5.    피고 Rankwave 주식회사는 컴퓨터 프로그래밍 서비스와 데이터 분석 솔루션을 제공하는 대한민국의 기업이다. Rankwave 는 대한민국 서울특별시 강남구 삼성동 8 층 테헤란로 521 번지에 본사를 두고 등록되어 있다. 약 2010 년부터 2019 년까지의 기간 동안, 그리고 잠재적으로 다른 시간에 한 명 이상의 Rankwave 직원과 개발자들이 Rankwave 를 위해 여러 개의 앱을 만들고 관리했다.

**관할권 및 재판소**

6.    이 법원은 캘리포니아 민사소송법 제 410.10 조에 따른 관할권을 갖는다. 논란이 되고 있는 금액은 이 법원의 관할 최소액을 초과하며, 청구된 손해배상액 총액은 이자와 비용을 제외하고 2 만 5 천 달러를 초과한다. 이 소송에서

Gibson, Dunn &
Crutcher LLP

2

걸려 있는 계약상 이익은 페이스북에 상당한 가치를 갖는다. 또한 Rankwave 의 불법적인 행동과 위반은 페이스북의 사업을 방해해 왔다.

7.  법원은 캘리포니아주와의 실질적이고 지속적이며 체계적인 접촉의 결과로서 Rankwave 에 대한 개인 관할권이 있다. 왜냐하면 Rankwave 는 캘리포니아에서 기업 활동을 수행하는 것의 이익과 특권을 의도적으로 이용했기 때문이다. 그리고 본 소장에서 주장하는 청구들은 Rankwave 가 캘리포니아를 향해 행하여 이 주 내에서 예측 가능한 위해와 상해를 야기한 행위로부터 발생하며 이에 관련되기 때문이다.

8.  Rankwave 가 페이스북 플랫폼을 사용했고, 그에 따라 페이스북의 서비스 약관("TOS")에 동의하였기 때문에 법원은 Rankwave 에 대한 개인 관할권을 가지고 있다. Rankwave 는 TOS 에 동의함으로써, 관련 부분에서 청구소송, 소송의 원인 또는 페이스북과의 분쟁에 대해 본 법원의 개인 관할권에 순종하기로 동의한 것이다.

9.  이 소송에서 제기된 청구를 야기한 사건의 상당 부분이 산 마테오 카운티에서 발생했고 Rankwave 가 캘리포니아 북부 지구나 산 마테오 카운티에 위치한 주 법원에서 분쟁을 해결하도록 요구하는 페이스북의 TOS 를 준수하기로 동의했기 때문에 장소는 이 법원이 적당하다.

<u>사실</u>

**A.   배경**

10.  페이스북은 사용자가 직접 개인 프로필을 만들고 모바일 기기나 개인용 컴퓨터에서 서로 연결할 수 있도록 하는 소셜네트워크서비스(SNS) 및 모바일 애플리케이션이다. 2019 년 3 월 현재 전 세계적으로 페이스북의 매일 활동적인 이용자는 평균 15 억 명, 매월 활동적인 이용자는 평균 23 억 명이다.

11.  페이스북은 '페이스북 플랫폼'으로 불리는 '개발 플랫폼'도 운영하고 있다. 이 기술 매체는 앱 개발자("Developers")가 페이스북과 페이스북 사용자와 상호작용하는 앱을 실행할 수 있도록 한다.

1       12.    페이스북은 개발자가 페이스북의 TOS 및 플랫폼 정책의 적용의 제한 하에 페이스북

2    플랫폼에 접근하고 상호작용하는 것을 허용한다.[1]

3    **페이스북의 TOS**

4       13.    개발자를 포함한 모든 페이스북 사용자들은 페이스북 계정을 만들 때 페이스북의

5    TOS 를 준수하는 것에 동의한다. 페이스북을 사용하는 모든 사람들은 페이스북의

6    TOS(https://www.facebook.com/terms.php 에서 이용 가능)와 페이스북에 대한 다양한 접근과 사용을

7    규제하는 기타 규칙에 동의해야 한다. 이러한 다른 규칙으로는 페이스북의 커뮤니티

8    표준(https://www.facebook.com/communitystandards/에서 이용 가능)과 플랫폼

9    정책(https://developers.facebook.com/policy 에서 이용 가능)이 있다.

10      14.    TOS 의 3.2 절에서는 "이 약관 및 기타 약관을 위반하며" 그리고 "불법적이고, 오해의

11    소지가 있고, 차별적이거나, 사기적인" 행위를 하기 위해 페이스북을 사용하는 것을 금지하고

12    있다.

13    **플랫폼 정책**

14      15.    페이스북 플랫폼에서 운영하는 개발자들은 플랫폼 정책에 동의한다.

15      16.    플랫폼 정책은 개발자가 페이스북에서 자신들의 앱 사용자들의 데이터에 접근하기

16    전에 그들로부터 동의를 얻어야 한다는 것을 포함하여 개발자에게 의무와 제한을 부과한다. 플랫폼

17    정책은 대체로 개발자가 앱 사용자 경험을 향상시키는 것 외에 다른 목적으로 앱 환경 밖에서

18    페이스북 데이터를 사용하는 것을 제한한다.

19      17.    플랫폼 정책을 통해 개발자는 페이스북이 자신의 앱을 감사하여 플랫폼 정책 및 기타

20    페이스북 정책의 준수하도록 할 수 있다는 데 동의한다. 개발자들은 페이스북이 그렇게 요청한다면

21    그러한 준수에 대한 증거를 제공하는데 동의한다. 개발자들은 처음 플랫폼에 가입할 당시 플랫폼

22    정책에 동의하며, 페이스북의 플랫폼 사용 조건으로서 플랫폼 정책에 계속 동의한다. 시간이

23    지나면서, 플랫폼 정책은 페이스북 데이터의 사용과 수집에 실질적으로 동일한 제한을 적용하였다.

24

25

26

27

---

28   1. 수년간 "플랫폼 정책"은 "개발자 원칙 및 정책", "플랫폼 지침" 또는 "개발자 서비스 약관"으로 불리웠다. 이 소장은 단순성을 위해 "플랫폼 정책"이라는 용어를 사용하여 이러한 정책을 참조한다.

18. 관련 플랫폼 정책은 다음을 확인한다:

"실체의 데이터를 실체를 위해서만 사용한다 (즉, 자신의 사업 목적이나 다른 실체의 목적이 아니라 그 실체에 서비스를 제공하기 위해서만 사용함). 페이스북 플랫폼 정책, 6.1 절.

"[페이스북] 또는 당사를 위해 활동하는 독립 감사인은 귀하의 앱, 시스템 및 기록을 감사하여 귀하가 당사에서 수신하는 플랫폼 및 데이터의 사용이 안전하고 당사의 약관을 준수하는지, 그리고 귀하가 당사의 플랫폼을 통해 획득한 사용자 데이터를 삭제해 달라는 페이스북을 사용하는 사람들의 요청과 당사의 요청을 준수했는지 확인할 수 있다. 요청이 있을 경우, 귀하의 앱이 당사의 조건을 준수한다는 증거를 제시해야 한다." 페이스북 플랫폼 정책, 7.9 절.

**B.    Rankwave 는 페이스북의 TOS 와 플랫폼 정책에 동의했다.**

19. Rankwave 는 2012 년 2 월 3 일에 기업 또는 기타 상업, 정치, 자선 단체 또는 노력을 홍보하기 위해 사용되는 페이스북의 프로필인 공개 페이스북 페이지를 만들었다. Rankwave 는 또한 2014 년 9 월 15 일에 페이스북 비즈니스 계정을 만들었다. 모든 관련 시간에 Rankwave 는 TOS 에 동의한 페이스북 사용자였다.

20. 대략 2010 년에서 2019 년 사이에, Rankwave 의 직원들과 대리인들은 페이스북 플랫폼에서 Rankwave 를 대표하여 앱을 만들어 운영했다. Rankwave 의 직원들과 대리인들은 Rankwave 를 대표하여 플랫폼 정책에 **구속됨**을 수락하고 **동의했다.**

**C.    Rankwave 는 페이스북 플랫폼에서 서로 다른 앱을 만들어 운영하였다.**

21. 2010 년과 2019 년 사이에 Rankwave 는 페이스북 플랫폼에서 적어도 30 개의 앱을 운영했다 ("Rankwave 의 앱"으로 총칭). Rankwave 의 앱이 페이스북 데이터에 접근하기 전에 Rankwave 는 앱 사용자들의 동의를 얻어야 했다.

22. Rankwave 는 기업이 사용하는 앱 ("기업 대 기업" 또는 "B2B 앱")과 개인 페이스북 사용자("소비자 앱")가 사용하는 앱을 포함한 다양한 종류의 앱을 개발했다. Rankwave 의 B2B 앱은 기업이 페이스북 페이지("페이스북 페이지 데이터")에서 활동을 추적하고 분석하기 위해 설치하여 사용하였다. 페이스북 페이지 데이터는 일반적으로 공개 코멘트와 '좋아요'를 포함하고 있다. Rankwave 의 B2B 앱 이용자는 한국 백화점, 여행사, 야구팀 등이었다.

23. Rankwave 는 또한 개별 앱 사용자들이 설치한 다양한 소비자 앱을 운영했다. 예를 들어 2012 년 3 월 19 일부터 2018 년 3 월 30 일 사이에 Rankwave 는 'Rankwave 앱'이라는 소비자 앱을 운영했다. 이 소비자 앱은 다른 사용자들과 앱 사용자들의 페이스북 게시물과의 상호 작용 정도를 분석해 페이스북에서의 앱 사용자의 인기를 측정하기 위한 것이었다.

1  Rankwave는 홈페이지를 통해 이 앱이 '사회활동 평가'와 '친구들의 반응'을 받아 사용자의 '사회영향
2  점수'를 계산했다고 주장했다. Rankwave 앱은 2018년 3월 30일경에 페이스북 플랫폼에서 운영을
3  중지했다.

4  **D.   한국의 엔터테인먼트 회사의 Rankwave의 인수에 대한 페이스북의 조사**

5      24.   2018년 6월 경에 페이스북은 한국의 한 엔터테인먼트 회사의 인수와 관련해
6  Rankwave를 조사하기 시작했다.

7      25.   정보와 믿음에 입각하여, 2017년 5월 인수 당시 Rankwave의 다양한 앱과 관련된
8  페이스북 데이터는 약 110억 원(약 980만 달러)으로 평가되었다.

9      26.   정보와 믿음에 입각하여, 2014년 이전에 시작하여, Rankwave는 앱 경험을 향상시키기
10  위해 앱과 관련된 데이터만 사용하지 않고 Rankwave의 앱과 관련된 페이스북 페이지 데이터도
11  광고주와 마케팅 회사에 컨설팅 서비스를 제공하는 등 자신의 사업 목적을 위해 사용했다. 이것은
12  페이스북 정책 6.1조에 의해 금지된다.

13  **E.   플랫폼 정책에 따라 감사에 대한 계약 권리를 행사하려는 페이스북의 시도**

14      27.   페이스북은 조사의 일환으로 Rankwave가 마케팅과 광고 서비스를 제공하기 위해
15  (페이스북 페이지 데이터와 달리) 사용자 데이터를 사용했는지 여부를 알아내려 했다. 2019년 1월
16  17일 경 페이스북은 Rankwave에게 이메일로 정보 요청서("RFI")를 보냈다. RFI는 Rankwave가
17  페이스북의 정책 및 TOS에 따른 계약상 의무를 준수하고 있다는 증거를 요청했다. 페이스북은 또한
18  Rankwave가 광고와 마케팅 서비스를 판매하기 위해 어떤 특정한 페이스북 데이터를 사용했는지,
19  사용자 데이터가 영향을 받았는지를 알아내고자 시도했다. RFI에 대한 Rankwave의 답변 기한은
20  2019년 1월 31일이었다.

21      28.   2019년 1월 29일 페이스북은 Rankwave에 RFI에 대한 답변 기한이 2019년 1월
22  31일임을 알리는 이메일을 보냈다.

23      29.   Rankwave는 플랫폼 정책 7.9조에 따라 페이스북의 플랫폼 정책 및 TOS 준수 증명을
24  제공해야 하는 의무에도 불구하고 2019년 1월 31일까지 페이스북의 이메일이나 RFI에 답변하지
25  않았다.

26
27
28

30.    2019년 2월 13일, 페이스북은 Rankwave에게 정지명령 서신("C&D 서신")을 보냈다. C&D 서신은 Rankwave가 페이스북의 플랫폼 정책 및 TOS 준수 증명을 제공하지 않음으로써 정책 7.9조 등 플랫폼 정책을 위반하고 계속 위반했다고 통보했다.

31.    C&D 서신은 Rankwave에게 다음과 같이 요구했다:

(i)    소유한 페이스북 사용자 데이터에 대한 전체 계정을 제공한다;

(ii)   페이스북 사용자 데이터를 판매하거나 배포한 모든 개인, 조직 및 정부 기관을 확인한다;

(iii)  제3자에게 데이터 액세스 권한을 부여한 액세스 로그 및 사용 권한에 대한 전체 기록을 제공한다;

(iv)   페이스북 사용자 데이터를 페이스북에 반환한 후 삭제 및 파괴하며;

(v)    페이스북이 감사를 통해 데이터의 삭제 및 파괴를 확인할 수 있도록 모든 저장 및 관련 기기에 대한 완전한 액세스를 페이스북에 제공한다.

32.    C&D 서신에서 페이스북은 사용자, 웹사이트, 서비스, 네트워크, 플랫폼을 보호하기 위해 플랫폼 정책과 TOS를 포함한 페이스북의 정책 및 약관을 시행할 수 있는 모든 권리를 유보했다. 이 편지는 페이스북이 Rankwave가 답변하지 않은 것은 페이스북 정책과 약관을 위반했음을 인정하는 것으로 간주할 것이라고 설명했다.

33.    2019년 2월 17일 경에 Rankwave는 페이스북에 답변하겠지만 시간이 더 필요하다는 거짓 표현으로 페이스북을 안심시키려 하기 시작했다. 구체적으로 Rankwave는 이메일로 페이스북의 C&D 서신에 답변하여 Rankwave의 최고기술책임자가 사임했으므로 Rankwave는 답변 시간이 더 필요하다고 진술했다.

34.    페이스북은 2019년 2월 19일 경에 이 것이 페이스북에 심각하고 긴급한 문제라고 설명하고, Rankwave가 C&D 서신을 준수하고 2019년 2월 21일까지 RFI에 서면으로 답변할 것을 요구했다.

35.    2019년 2월 20일 경에 Rankwave는 이메일로 답변하여 페이스북의 TOS나 플랫폼 정책을 위반하지 않았다고 주장했지만, Rankwave는 어떠한 지원 증거도, RFI에 대한 답변도 제공하지 못했고, 감사 요청 등 C&D 서신의 요구도 무시했다. Rankwave는 또한 2018년 이후 자사의 페이스북 앱에 접속하지 않았다고 주장했다.

Gibson, Dunn & Crutcher LLP

7

그러나 Rankwave 가 최소 2019 년 4 월까지 B2B 앱 중 최소 1 개를 계속 사용했기 때문에 이 말은 거짓이었다.

36.    2019 년 2 월 23 일 경에 페이스북은 Rankwave 에게 C&D 서신을 준수하고 2019 년 2 월 25 일까지 RFI 에 서면 답변을 제공할 것을 요구하는 이메일을 보냈다.

37.    2019 년 2 월 25 일 경에 Rankwave 는 이메일을 통해 지도부가 스페인을 방문 중이기 때문에 9 일이 더 필요하다고 주장했다.

38.    2019 년 2 월 27 일 경에 페이스북은 이메일을 통해 Rankwave 가 답변할 시간을 2019 년 3 월 6 일로 연장하기로 합의했지만 더 이상의 시간을 연장하지는 않을 것이라고 경고했다. Rankwave 는 답변하지 않았다.

39.    현재까지 Rankwave 는 RFI, C&D 서신, 감사 요청, 그리고 플랫폼 정책, TOS 를 포함한 Rankwave 의 페이스북 정책 준수 증명을 위한 페이스북의 다른 요청을 준수하지 않았다.

**F.    Rankwave 의 불법 행위는 페이스북에 손해를 끼쳤다.**

40.    Rankwave 의 페이스북 플랫폼 정책 위반과 위에서 설명한 다른 위법행위는 페이스북의 서비스에 부정적인 영향을 주는 등 페이스북에 해를 끼쳤다.

41.    Rankwave 의 위법행위는 페이스북의 명성, 공공신뢰, 호감도에도 해를 끼쳤으며, 페이스북은 Rankwave 의 잘못된 행위를 조사하고 바로잡는 데 자원을 사용해야 하였다. 페이스북은 이 소장에 명시된 사항을 조사하고, 해결하고, 완화하기 위해 들어간 노력과 자원에 상당하는 피해를 입었다.

42.    Rankwave 는 페이스북의 비용으로 활동하면서 부당하게 치부했다.

43.    금전적 손해는 페이스북의 플랫폼 정책 및 TOS 준수 여부를 확인하기 위하여 Rankwave 를 감사할 수 있는 페이스북의 계약상 권리 침해에 대해 적절히 구제하지 못할 것이다.

44.    페이스북의 감사권과 관련한 Rankwave 의 침해에 대한 유일하게 적절한 해결책은 Rankwave 가 페이스북의 감사 요청에 응하고 페이스북의 플랫폼 정책 및 TOS 를 준수하는 증거를 제공하기 위해 페이스북에 대한 계약상 의무를 구체적으로 이행하는 것이다.

45. Rankwave 는 페이스북과의 합의와 계약상 의무, 즉 페이스북 플랫폼에서 앱을 개발하고 운영하는 능력에 대해 적절한 보상을 받았다. Rankwave 에 관련된 페이스북의 정책과 TOS 는 공정하고 합리적이다.

## 소송의 첫 번째 사유

### (계약 위반)

46. 페이스북은 다른 모든 항들을 여기에 완전히 명시된 것처럼 통합한다.

47. Rankwave 는 페이스북 페이지를 만든 2012 년 2 월 12 일부터 페이스북 계정을 운영해 왔다. Rankwave 는 페이스북 계정을 만들 때 페이스북의 TOS 에 동의하는 것으로 페이스북과 계약을 맺었다.

48. Rankwave 는 또한 약 2010 년부터 약 2019 년까지 페이스북 플랫폼에서 수십 개의 앱을 만들어 개발, 관리함으로써 플랫폼 정책에 동의했다. 이들 앱에는 Rankwave 앱이 포함됐다.

49. Rankwave 는 TOS 3.2.1 조와 플랫폼 정책 6.1 조와 7.9 조를 위반하여 위에서 설명한 조치를 취함으로써 페이스북과 합의한 계약을 위반했다. 여기에는 Rankwave 의 앱과 관련된 페이스북 페이지 데이터를 사용하여 광고 및 마케팅 서비스를 제공하고, 플랫폼 정책 및 TOS 를 포함한 페이스북의 정책 준수 증명과 감사 요청을 요구하는 페이스북의 RFI 를 준수하지 않는 것이 포함된다.

50. 페이스북은 Rankwave 와의 계약에 따라 그에 필요한 모든 조건, 협조, 약속을 이행했다.

51. 페이스북은 Rankwave 의 위반으로 인해 피해를 입었다.

52. Rankwave 의 플랫폼 정책 7.9 조의 위반으로 인한 피해는 페이스북과 Rankwave 사이의 계약의 구체적 이행으로만 적절히 해결할 수 있다.

## 소송의 두번째 사유

### (성실하고 공정한 거래의 암묵적인 언약의 위반)

53. 페이스북은 다른 모든 항들을 여기에 완전히 명시된 것처럼 통합한다.

54. Rankwave 는 페이스북과의 계약 준수를 확인하고 감사할 수 있는 페이스북의 계약상 권리를 포함하여 페이스북의 계약상 이익을 박탈했다.

55.   Rankwave 가 성실하고 공정한 거래의 언약을 위반한 결과 페이스북은 실제적이고 유형의 피해를 입었다.

56.   Rankwave 는 플랫폼정책과 TOS 등 페이스북 정책을 위반한 결과 980 만달러의 부당한 치부를 하였다.

### 소송의 세번째 사유

(불법적이고, 불공정하거나 사기적인 사업 관행)

57.   페이스북은 다른 모든 항들을 여기에 완전히 명시된 것처럼 통합한다.

58.   위에서 설명한 Rankwave 의 행동은 다른 주법에 의해 금지된 행동을 포함하여 캘리포니아의 사업 전문직법 17200 조 이하를 위반하여 사업을 수행하는데 있어 불법적이고, 불공정하며 또는 사기적인 행위 또는 관행을 구성한다.

59.   페이스북은 이러한 위반의 결과로 피해를 입었다.

### 구제 요청

페이스북은 다음과 같은 구제를 허락하는 판결을 구한다:

(a)   Rankwave 가 페이스북 플랫폼에 접근하지 못하게 제한 하는 금지명령;

(b)   Rankwave 가 플랫폼 정책 7.9 조를 준수하고 법정 자료 감사를 포함하여 페이스북의 RFI 및 기타 페이스북의 플랫폼 정책 및 TOS 준수 증명 요청에 온전하고 정확하게 답변할 것을 요청하는 금지명령;

(c)   Rankwave 가 플랫폼 정책 7.9 조를 준수한 후 Rankwave 가 페이스북 데이터를 모두 삭제하도록 요구하는 금지명령;

(d)   본 재판 과정에서 결정해야 할 금액의 실제적, 결과적, 부수적, 모범적 손해를 포함하되 이에 국한되지 않는 금전적 손해;

(e)   Rankwave 가 페이스북에 대한 의무를 위반하여 부당하게 받아 보유한 페이스북 데이터의 가치의 반환;

(f)   Rankwave 의 위법 행위에 대한 조사 및 시정 작업과 관련하여 발생한 변호사 수수료, 경비 및 비용;

(g)   판결 전 및 판결 후 이자; 그리고

(h)   법원이 정당하고 적절하다고 여기는 다른 모든 공평하고 합법적인 구제책들.

1  원고는 배심 재판을 정중하게 요청합니다.

2  날짜: 2019 년 5 월 10 일

3  **GIBSON, DUNN & CRUTCHER LLsP**

4

5  By: _____

6  **Ethan D. Dettmer**
   Orin Snyder

7  Alexander Southwell
   Kim Do

8  페이스북 주식회사의 변호인단

9

10  플랫폼 시행 및 소송
    페이스북 주식회사

11  Jessica Romero
    Michael Chmelar

12  Stacy Chen

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATION OF TRANSLATION

## and

## DECLARATION

| | | |
|---|---|---|
| State of California | ) | |
| | ) | S. S. |
| Los Angeles County | ) | |

I, Soomi Ko, the undersigned, declare under penalty of perjury that I am a duly certified Korean Court Interpreter approved by the United States District Courts, certified by the State of California and the Los Angeles County Superior Courts, with competent knowledge of Korean and English, and that I have truthfully and correctly translated the document titled **Complaint and Demand for Jury Trial re: Facebook, Inc. v. Rankwave Co., Ltd., Case No. 19CIV02592** from English to Korean and that the said translation is, to the best of my knowledge and belief, a true and correct translation. I further declare under penalty of perjury that I am neither counsel for, related to, nor employed by any of the parties, and that I have no financial or other interest in the outcome of any action related to this translation. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2019

Soomi Ko
California State Certified Court Interpreter
#300732
Direct: (213) 999-7848
soomi@komartin.com
www.komartin.com

## NOTICE OF CASE MANAGEMENT CONFERENCE

*FaceBook, Inc*

**ENDORSED FILED**
**SAN MATEO COUNTY** Case No: **19 C I V 0 2 5 9 2**

MAY 1 0 2019

Vs.

*RANK WAVE Cd. LTD*

Clerk of the Superior Court Date: **SEP 1 1 2019**
By **M. MARLOWE**
DEPUTY CLERK Time: 9:00 AM

Dept. _____    --on Tuesday & Thursday

Dept. __11__    --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time, and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC212(g)]. Failure to do so may result in monetary sanctions.
   d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).*

## 사건 관리 회합 통지

*FACEBOOK, INC*

대

*RANKWAVE CO. LTD*

승인 접수
샌 마테오 카운티

사건 번호: ___19CIV02592___

2019 년 5 월 10 일

상급 법원 서기
엠. 말로우 서기보

날짜: 2019 년 9 월 11 일
시간: 9:00 am
부서: _____ 화, 목
부서: ___11___ 수, 금

이에 사건 관리 회합 통지를 드립니다. 날짜, 시간, 부서는 위에 기록되어 있습니다.

1. 해당 캘리포니아 법원 규칙 및 현지 규칙 2.3(d)1-4 및 2.3(m)에 따라 다음 명령을 수행해야 합니다.
   a. 공소제기 후 60 일 이내에 지명된 모든 피고인들에게 전달하고 법원에 피고인에 대한 전달증명서를 제공합니다(CRC 201.7).
   b. 이 소송의 모든 지명된 당사자에게 이 통지서, 사건 관리 진술서 및 ADR 정보지의 사본을 제공합니다.
   c. 사건 관리 회합 [CRC212(g)] 최소 15 일 전에 작성된 사건 관리 진술을 제출하고 전달하십시오. 그렇게 하지 않으면 금전상 처벌을 받을 수도 있습니다.
   d. CRC212(f)에서 확인된 각 이슈에 대해 사건 관리 회합일 30 일 전에 직접 또는 전화로 만나 상의하십시오.

2. 위의 명령을 따르지 않을 경우, 제재를 받지 말아야 할 사유를 제시하도록 명령합니다. 사유제시 명령심리는 사건 관리 회합심리와 동시에 합니다. 제재에는 금전, 증거 또는 쟁점 제재 뿐 아니라 변론 삭제 및/또는 기각이 포함될 수 있습니다.

3. 사건 관리 회합의 연기는 정당한 이유를 제시하지 않는 한 매우 기피됩니다.

4. 당사자들은 ADR 및 제안된 명령 (첨부 양식 참조) 에 대한 조항을 제출하여 적절한 분쟁 해결 절차("ADR") 를 진행할 수 있습니다. 만약 원고가 ADR 합의와 사법 중재 진행을 선택하는 제안된 명령을 제출할 경우, 사건 관리 회합은 법정 일정에서 제외되고 사건은 중재 관리자에게 회부됩니다. 원고와 피고가 첫 번째 예정된 사건 관리 회합 10 일 전에 다른 ADR 절차(예: 조정)에 대해 완료된 조항을 제출할 경우, 당사자들이 ADR 세션을 완료할 수 있도록 90 일 동안 사건 관리 회합이 연기됩니다. 법원은 당사자들에게 새로운 사건 관리 회합 날짜를 통지할 것입니다.

5. 궐석판결을 제출했거나 판결이 내려진 경우, 귀하의 사건은 사건 관리 회의 일정에서 자동으로 삭제되지 않습니다. 소장에 " Does", " Roes" 등이 기재된 경우, 사건을 종결하기 위해 기각되어야 합니다. 어떤 당사자가 파산한 경우, 사건은 그 지명된 당사자에 대해서만 정지됩니다.

6. 위에 언급 된 사건 관리 회합에 직접 * (또는 기록 변호사를 통해) 출두하도록 명령합니다. 이 사건에 대해 철저히 알고 있어야 하며 진행할 수 있는 완전한 권한이 있어야 합니다.

7. 사건 관리 판사는 회합의 결론에서 다음을 포함하는 명령을 내릴 것입니다:
   a. 자발적인 ADR 을 당사자에게 소개하고 ADR 완료 날짜의 설정;
   b. 청구 또는 당사자의 기각 또는 분리;
   c. 재판 날짜의 설정.

8. 사건 관리 판사는 이 경우 재판 판사가 될 수 있습니다.

사건 관리 정책 및 절차에 관한 추가 정보는 법원의 웹 사이트 : www.sanmateocourt.org 를 참조하십시오.

*\* 사건 관리 회합에 전화로 출두하는 것은 예정 회의보다 적어도 영업일 기준 5 일 이전에 독립적인 공급 업체 인 CourtCall, LW 에게 연락하여 할 수 있습니다 (첨부된 CourtCall 정보 참조).*

# CERTIFICATION OF TRANSLATION

## and

## DECLARATION

State of California       )
                          )        S. S.
Los Angeles County        )


I, Soomi Ko, the undersigned, declare under penalty of perjury that I am a duly
certified Korean Court Interpreter approved by the United States District Courts, certified
by the State of California and the Los Angeles County Superior Courts, with competent
knowledge of Korean and English, and that I have truthfully and correctly translated the
document titled **Notice of Case Management Conference re: Facebook, Inc. v.
Rankwave Co., Ltd., Case No. 19CIV02592** from English to Korean and that the said
translation is, to the best of my knowledge and belief, a true and correct translation. I
further declare under penalty of perjury that I am neither counsel for, related to, nor
employed by any of the parties, and that I have no financial or other interest in the
outcome of any action related to this translation. I declare under penalty of perjury that the
foregoing is true and correct.


Executed on May 15, 2019


Soomi Ko
California State Certified Court Interpreter
#300732
Direct: (213) 999-7848
soomi@komartin.com
www.komartin.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |

Ethan D. Dettmer, SBN 196046
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
TELEPHONE NO: (415) 393-8200      FAX NO.:
ATTORNEY FOR (Name): Facebook, Inc.

**ENDORSED FILED**
SAN MATEO COUNTY

MAY 10 2019

Clerk of the Superior Court
By ___M. MARLOWE___
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch: Hall of Justice and Records

CASE NAME:
Facebook, Inc. v. Rankwave Co., Ltd.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER 19CIV02592 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 3 (breach of contract; breach of implied covenant; unfair business practice)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 10, 2019
Ethan D. Dettmer
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

| '변호사나 당사자, 변호사 없이 (이름, 주 변호사자격번호, 주소):<br>Ethan D. Dettmer, SBN 196046<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>전화번호: (415) 393-8200    팩스번호:<br>원고 Facebook, Inc.의 변호사 | 법원 사용 한정 |
|---|---|

**캘리포니아 주, 샌 마테오 카운티 상급법원**
주소: 400 County Center
우편주소:
시 및 우편코드: Redwood City, CA 94063
지부: 남부 지구: Hall of Justice and Records
사건명:
Facebook, Inc. v. Rankwave Co., Ltd.

**승인 접수**
샌 마테오 카운티

**2019 년 5 월 10 일**

상급 법원 서기
M. Marlowe, 서기보

| 민사 사건 커버 양식 | 복잡한 사건 규정 | 사건번호 19CIV02592 |
|---|---|---|
| ☑무한 　☐ 유한<br>(요구 금액이 　(요구 금액이<br>$25,000 초과함) 　$25,000 이하) | ☐ 반대 　☐ 결합<br>피고 첫 출두와 접수<br>(캘리포니아 법원 규정 3.402) | 판사이름:<br>법정: |

하단 1-6 항을 필히 기제하십시오. (2 페이지의 지시사항을 참고하십시오)

1. 본 사건을 가장 잘 묘사하는 한 칸에 표기하십시오.

| 자동차 불법행위 | 계약 | 일시적 복잡한 민사소송 (캘리포니아 법원규정 3.400-3.403) |
|---|---|---|
| ☐ 자동차 (22) | ☑ 계약위반/보증 (06) | ☐ 독점금지/무역 규정 (03) |
| ☐ 무보험 운전자 (46) | ☐ 규정 3.740 수금 (09) | ☐ 부실 건축 (10) |
| **기타 PI/PD/WD (상해/재산 손해/ 불법사망)불법행위** | ☐ 기타 수금 (09) | ☐ 집단 민사소송 (40) |
| ☐ 석면 (04) | ☐ 보험 한도 (18) | ☐ 증권소송 (28) |
| ☐ 제조물 책임(24) | ☐ 기타 계약 (37) | ☐ 환경/불법 유해물(30) |
| ☐ 의료과실(45) | **부동산** | ☐ 상기 언급된 일시적 복잡한 사건에서 발생한 보험한도 청구 (41) |
| ☐ 기타 PI/PD/WD (23) | ☐ 수용권/수용의 역선고 (14) | **판결 집행** |
| **기타 불법행위 PI/PD/WD 가 아닌 사건** | ☐ 불법 퇴거 (33) | ☐ ☐판결집행 |
| ☐ 불법 비즈니스/비공정 비즈니스 (07) | ☐ 기타 부동산 (26) | **기타 민사 고소** |
| ☐ 인권 (08) | **불법점유** | ☐ RICO (27) |
| ☐ 비방 (13) | ☐ 상업 (31) | ☐ 기타 고소 (상기 명시되지 않음)(42) |
| ☐ 사기 (16) | ☐ 주거지 (32) | **기타 민사 청원** |
| ☐ 지적 재산 (19) | ☐ 마약 (38) | ☐ 파트너십 및 법인 치리(21) |
| ☐ 전문 과실 (25) | **사법 검토** | ☐ 기타 청원 (상기 명시되지 않음) (43) |
| ☐ PI/PD/WD 가 아닌 기타 불법행위 | ☐ 재산 몰수 (05) | |
| **고용** | ☐ 중재 배상 탄원 (11) | |
| ☐ 불법 해고(36) | ☐ 명령문 (02) | |
| ☐ 기타 고용 (15) | ☐ 기타 사법 검토 (39) | |

2. 본 사건은 캘리포니아 법원규정 3.400 에 해당하는 복잡한 사건 　☐ 이다. ☐☑☐☐ 아니다. 복잡한 사건이라면 특별법정관리를 필요로 하는 요소를 표기하십시오:
a. ☐ 각각 변호사를 선임한 여러명의 당사자　　　d. ☐ 여러 명의 증인
b. ☐ 해결하기에 많은 시간이 예상되는 새로운 또는 어려운 신청　　e. ☐ 다른 카운티, 주, 다른나라 또는 연방법원 한 곳 또는 여러
c. ☐ 많은 분량의 증빙서류　　　　　　　　　　　　법원의 계류중인 관련 소송과 연계가 필요함.
　　　　　　　　　　　　　　　　　　　　　　f. ☐ 판결후 상당한 사법 감독

3. 구제 요구 (해당 모든것을 체크하십시오) a. ☑금전  b.☐ 금전이 아닌 선언 또는 금지명령  c.☐ 처법
4. 몇 가지 소송 사유 (숫자) : 3 (계약 위반; 암묵적 계약 위반; 불공정 거래 관행)
5. 본 사건은 집단 　☐ 소송이다. ☑ 소송이 아니다.
6. 알려진 관련된 소송이 있다면, 관련소송을 접수하고 통지를 보내십시오. (양식 CM-015 를 사용할 수 있습니다.)
날짜: 2019 년 5 월 10 일

Ethan D. Dettmer

　　　　이름 인쇄체　　　　　　　　▶　　//서명//
　　　　　　　　　　　　　　　　　　당사자 또는 당사자 변호사 서명

**통보**
• 원고는 필히 처음 소송을 접수할 때 또는 절차에 본 커버양식을 제출해야한다. (소액청구사건 또는 상속법정규정, 가족규정, 또는 복지 및 기관규정은 제외한다.) (캘리포니아 법원규정 3.220.) 제출하지 않을 경우 제재를 받을 수 있다.
• 지역법원규정이 요구하는 기타 커버양식에 추가로 본 커버양식을 제출해야 한다.
• 캘리포니아 법원규정 3.400 이하 참조에 해당하는 복잡한 사건일 경우, 귀하는 필히 본 커버양식을 소송이나 절차에 관련된 다른 모든 당사자에게도 보내야 한다.
• 본 사건이 3.740 규정에 의거한 수금 또는 복잡한 사건이 아닐 경우, 본 커버양식은 통계 목적으로 쓰일 것이다.

의무적인 사용을 위해 채택된 양식　　　　**민사 사건 표지 양식**　　　　캘리포니아 법원 규정 2.30, 3.220, 3.400-3.403, 3.740;
캘리포니아 사법 위원회　　　　　　　　　　　　　　　　　　　　　　캘리포니아 사법 행정 기준, 제 3.10 호
CM-010 [2007 년 7 월 1 일 수정]　　　　　　　　　　　　　　　　　　www.courtinfo.ca.gov

# CERTIFICATION OF TRANSLATION

## and

## DECLARATION

State of California           )
                              )     S. S.
Los Angeles County            )


I, Soomi Ko, the undersigned, declare under penalty of perjury that I am a duly certified Korean Court Interpreter approved by the United States District Courts, certified by the State of California and the Los Angeles County Superior Courts, with competent knowledge of Korean and English, and that I have truthfully and correctly translated the document titled **Civil Case Cover Sheet re: Facebook, Inc. v. Rankwave Co., Ltd., Case No. 19CIV02592** from English to Korean and that the said translation is, to the best of my knowledge and belief, a true and correct translation. I further declare under penalty of perjury that I am neither counsel for, related to, nor employed by any of the parties, and that I have no financial or other interest in the outcome of any action related to this translation. I declare under penalty of perjury that the foregoing is true and correct.


Executed on May 15, 2019

_____

Soomi Ko
California State Certified Court Interpreter
#300732
Direct: (213) 999-7848
soomi@komartin.com
www.komartin.com