GIBSON, DUNN & CRUTCHER LLP
ORIN S. SNYDER (admitted *pro hac vice*)
  osnyder@gibsondunn.com
ALEXANDER H. SOUTHWELL (admitted *pro hac vice*)
  asouthwell@gibsondunn.com
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

GIBSON, DUNN & CRUTCHER LLP
ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
KIM DO, SBN 324131
  kdo@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Facebook, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>RANKWAVE CO., LTD., a South Korean corporation,<br><br>            Defendant. | CASE NO. 3:19-cv-03738-JST<br><br>**PLAINTIFF FACEBOOK, INC.'S OBJECTION TO REPLY EVIDENCE AND ARGUMENT**<br><br>**Hearing:**<br>Date:      September 18, 2019<br>Time:     2:00 p.m.<br>Place:    Oakland, Courtroom 6, 2nd Floor<br>Judge:   Honorable Jon S. Tigar<br><br>Complaint Filed: May 10, 2019<br>Complaint Removed: June 27, 2019 |

**TO THE HONORABLE JON S. TIGAR, UNITED STATES DISTRICT JUDGE, AND TO COUNSEL OF RECORD FOR DEFENDANT:**

    Pursuant to Local Rule 7-3(d)(1), Plaintiff Facebook, Inc., objects to the improper new evidence and arguments that Defendant Rankwave Co., Ltd., submitted with its reply brief in support of its motion to dismiss. *See* Reply Br., ECF No. 23. The Court should disregard the new evidence and arguments, all of which were available when Rankwave filed its motion to dismiss.

1

FACEBOOK, INC.'S OBJECTION TO REPLY EVIDENCE – CASE NO. 3:19-CV-03738-JST

## BACKGROUND

Facebook's brief opposing Rankwave's motion to dismiss highlighted several deficiencies with the motion. For example, on the issue of *forum non conveniens*, Facebook explained that Rankwave did not meet its burden of making "a clear showing of facts" that "an adequate alternative forum exists." Opp'n to Mot. to Dismiss 18, ECF No. 15 ("Opp'n") (quotation marks omitted). "In fact," Facebook continued, "Rankwave ignore[d] this part of its burden" and "present[ed] no evidence suggesting that a South Korean court would offer Facebook an adequate remedy." *Id.* at 19. Moreover, insofar as "the private interest factors are . . . relevant to the *forum non conveniens* analysis," those factors weigh in favor of this forum because "Rankwave has not . . . even tried" to meet its burden of showing inconvenience to witnesses: "It has not named a single witness, let alone described his or her location, expected testimony, and relevance." *Id.* at 21-22.

Rankwave attempts to fill these voids by improperly presenting new evidence and arguments in its reply papers that the Court should disregard. Specifically, Rankwave submits the declaration of a new witness, Kyunghoon Lee, to make the new argument that "Korea will provide an adequate remedy to Facebook for its claims." Reply Br. 13, ECF No. 23 (citing Lee Reply Decl. ¶¶ 2-9, ECF No. 23-3). Rankwave also submits a new declaration from Chang Kyu Park, which for the first time identifies three witnesses who reside in Korea. *See* Park Reply Decl. ¶ 9, ECF No. 23-2.

In addition, Rankwave's reply brief uses the Lee Reply Declaration to argue for the first time that it "would violate Korean law" if the forum-selection clause in Facebook's Terms of Service ("Terms") required "Korean users to defend lawsuits filed by Facebook in California." Reply Br. 3 n.4 (citing Lee Reply Decl. ¶¶ 11-17). But in its motion to dismiss, Rankwave argued only that this case falls outside the scope of the forum-selection clause and said nothing about its validity or enforceability.

## ARGUMENT

"It is well accepted that raising new issues and submission of new facts in a reply brief is improper." *In re LDK Solar Sec. Litig.*, 2008 WL 4369987, at *12 (N.D. Cal. Sept. 24, 2008) (quotation marks omitted). This Court therefore "does not consider new facts or argument made for the first time in a reply brief." *TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*, 2013 WL 5289015, at *4 (N.D. Cal. Sept. 18, 2013) (Tigar, J.); *see also World Lebanese Cultural Union, Inc. v. World Lebanese*

*Cultural Union of N.Y., Inc.*, 2011 WL 5118525, at *6 n.3 (N.D. Cal. Oct. 28, 2011) ("New evidence or analysis presented for the first time in a reply . . . will not be considered." (citing cases)).

In *Willner v. Manpower Inc.*, 2013 WL 3339443 (N.D. Cal. July 1, 2013) (Tigar, J.), for example, this Court sustained an objection to new "arguments and facts" offered for the first time in a reply brief, "disregard[ing] the arguments and facts . . . for the purpose of resolving th[e] motion." *Id.* at *3. Likewise, in *Sheets v. F. Hoffmann-La Roche Ltd.*, 2018 WL 6428460 (N.D. Cal. Dec. 7, 2018) (Tigar, J.), this Court sustained an objection to "new evidence on reply" and thus did "not consider the exhibits attached to [the] reply." *Id.* at *2 n.2. And in *Hennighan v. Insphere Ins. Sols., Inc.*, 2013 WL 1758934 (N.D. Cal. Apr. 24, 2013) (Tigar, J.), this Court "decline[d] to consider" an argument raised "for the first time in [a] reply brief," explaining that "[i]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *Id.* at *3 n.4 (quotation marks omitted); *see also Lil' Man In The Boat, Inc. v. City & Cty. of San Francisco*, 2017 WL 3129913, at *8 n.12 (N.D. Cal. July 24, 2017) (Tigar, J.); *Todd v. Tempur-Sealy Int'l, Inc.*, 2017 WL 2833997, at *4 n.7 (N.D. Cal. June 30, 2017) (Tigar, J.).

The Court should apply the same rule here and disregard all newly submitted evidence and arguments in Rankwave's reply papers, including evidence and arguments about:

- the purported "remedies" available under Korean law, including paragraphs 3-8 of the Lee Reply Declaration and lines 21-23 on page 13 of the reply brief;
- whether Korea is a fair and efficient forum to resolve contract and other commercial disputes, including paragraphs 9-10 of the Lee Reply Declaration and Exhibit A attached thereto;
- whether construing the forum-selection clause in the Terms as requiring Rankwave to litigate this suit in this forum would "violate Korean law," including paragraphs 11-17 and Exhibit B of the Lee Reply Declaration, footnote 4 on page 3 of the reply brief, and the overlapping paragraph on pages 4 and 5 of the reply brief; and
- the names of three witnesses who purportedly reside in Korea, including paragraph 9 of the Park Reply Declaration.

This new evidence and argument—nearly 100 pages total—is "improper" because it "was available to [Rankwave] prior to filing its motion." *Cont'l W. Ins. Co. v. Lexington Ins. Co.*, 2010 WL 1959716, at *5 (W.D. Wash. May 14, 2010) (striking new evidence submitted with reply brief); *see also Azzarello v. Navagility, LLC*, 2008 WL 4614667, at *1 n.1 (N.D. Cal. Oct. 16, 2008) (sustaining objection to a supplemental declaration filed on reply that "introduces new facts and gives rise to new legal issues").

Rankwave should have presented this evidence and these arguments in its moving papers. The case law makes clear that the party moving to dismiss on grounds of *forum non conveniens* must establish an adequate alternative forum, including that the alternative forum offers the plaintiff a satisfactory remedy. *See* Opp'n 19-20 (citing cases). The case law also makes clear that, "to 'establish[ ] inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance.'" *Id.* at 21-22 (quoting *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007)). That Rankwave failed to address these burdens in its moving papers does not excuse its "belated attempt to cure the[ ] defects" now. *Single Touch Interactive, Inc. v. Zoove Corp.*, 2013 WL 3802805, at *1 n.2 (N.D. Cal. July 17, 2013) (sustaining objection to new declaration offered on reply).

Rankwave likewise should and could have offered in its moving papers evidence or arguments challenging the validity of the forum-selection clause in the Terms. The complaint gave Rankwave notice of Facebook's position that the Court "has personal jurisdiction over Rankwave because Rankwave . . . agreed to Facebook's Terms of Service" and, therefore, "agreed to submit to the personal jurisdiction of this Court." Compl. ¶ 8, ECF No. 1-1. Although Rankwave's motion mistakenly relied on a version of the Terms that users in the United States accept, Rankwave nevertheless knew at the time of its motion that Facebook takes the position that the Terms require Rankwave to litigate this dispute in this Court. Rankwave could and should have argued in its moving papers that Facebook's position "violate[s] Korean law" or otherwise renders the forum-selection clause invalid. Reply Br. 3 n.4. But having not argued that in its opening brief, Rankwave waived that argument and is barred from raising it in reply. *See Cal. Writer's Club v. Sonders*, 2011 WL 4595020, at *13 (N.D. Cal. Oct. 3, 2011) ("[I]t is well-established that arguments raised for the first time in a reply brief are not to be considered in deciding a motion."); *see also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 6502170, at *1 n.1 (N.D. Cal. Dec. 11, 2013) (sustaining objection to newly submitted declarations containing evidence the movant "knew . . . was pertinent to this dispute").

Allowing Rankwave to offer its new evidence and arguments in its reply papers would unfairly prejudice Facebook. Indeed, Facebook's opposition brief *relied on* Rankwave's failure to address whether Korean law offers an adequate remedy, *see* Opp'n 19-20, and its failure to identify any

witnesses, *see id.* at 21-22.  Likewise, because Rankwave's motion did "not argue that the forum-selection clause in the Terms is unjust, invalid, or nonbinding," Facebook's opposition brief focused solely on Rankwave's argument "that this case falls outside the clause's scope." *Id.* at 13.

Perhaps expecting that its new evidence and arguments would draw an objection, Rankwave's reply brief asserts that the "Court may properly consider" declarations submitted with a reply brief. Reply Br. 13 n.8.  That misses the point.  Facebook does not object to the declarations insofar as they dispute evidence that Facebook presented with its opposition brief.[1]  Instead, Facebook objects because Rankwave is trying to use the declarations to introduce new evidence and to support new arguments that were available—but not offered—when Rankwave moved to dismiss.  The authorities that Rankwave cites are inapposite, *see id.*, because they merely recognize that a party may include declarations with reply papers, not that such declarations are an open invitation for movants to sandbag opponents with evidence and arguments that could have been included in the moving papers.

Finally, the Court should disregard paragraphs 11-17 and Exhibit B of the Lee Reply Declaration for the independent reason that they contain improper legal argument about the purported invalidity of the forum-selection clause under Korean law.  This multi-page argument is a transparent attempt to use the declaration as "an impermissible end-run around the page limit[ ]" for reply briefs. *Juarez v. Jani-King of Cal., Inc.*, 2010 WL 3766649, at *2 (N.D. Cal. Sept. 24, 2010).  Using a declaration—from an attorney, no less—to make a legal argument also violates Local Rule 7-5(b), which provides that declarations "may contain only facts" and "must avoid conclusions and argument." District courts routinely strike "portions of declarations, as well as entire declarations where," as here, they "contain[ ] improper argument that should have been included in a memorandum of points and authorities, rather than a declaration." *Fuchs v. State Farm Gen. Ins. Co.*, 2017 WL 4679272, at *2-3 (C.D. Cal. Mar. 6, 2017) (citing cases).

## CONCLUSION

The Court should strike and/or disregard the newly submitted evidence and arguments submitted with Rankwave's reply brief.

---

[1] At this stage of proceedings, however, all "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor" for purposes of resolving Rankwave's objection to personal jurisdiction. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002); *see* Opp'n 4-5.

Dated: August 22, 2019

                              GIBSON, DUNN & CRUTCHER LLP

                              By:  */s/ Ethan D. Dettmer*
                                     Ethan D. Dettmer

                                  Attorney for Facebook, Inc.