1  GIBSON, DUNN & CRUTCHER LLP
   ORIN S. SNYDER (admitted *pro hac vice*)
2    osnyder@gibsondunn.com
   ALEXANDER H. SOUTHWELL (admitted *pro hac vice*)
3    asouthwell@gibsondunn.com
   200 Park Avenue
4  New York, NY  10166-0193
   Telephone: 212.351.4000
5  Facsimile: 212.351.4035

6  GIBSON, DUNN & CRUTCHER LLP
   ETHAN D. DETTMER, SBN 196046
7    edettmer@gibsondunn.com
   KIM DO, SBN 324131
8    kdo@gibsondunn.com
   555 Mission Street, Suite 3000
9  San Francisco, CA  94105-0921
   Telephone: 415.393.8200
10 Facsimile: 415.393.8306

11 Attorneys for Facebook, Inc.

12 **UNITED STATES DISTRICT COURT**

13 **NORTHERN DISTRICT OF CALIFORNIA**

14 **OAKLAND DIVISION**

| | |
|---|---|
| 15  FACEBOOK, INC., a Delaware corporation, | CASE NO. 4:19-cv-03738-JST |
| 16                   Plaintiff, | **(A) PLAINTIFF FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES** |
| 17          v. | |
| 18  RANKWAVE CO., LTD., a South Korean corporation, | **(B) [PROPOSED] ORDER** |
| 19                   Defendant. | Hearing Date:  February 12, 2020 Time:  2:00 p.m. |
| 20 | Location:  Oakland, Courtroom 6, 2nd Floor Judge:  Honorable Jon S. Tigar |
| 21 | |
| 22 | Complaint Filed:  May 10, 2019 Complaint Removed:  June 27, 2019 |

23

24

25

26

27

28

Gibson, Dunn & Crutcher LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 2

BACKGROUND ................................................................................................................. 3

LEGAL STANDARD .......................................................................................................... 4

DISCUSSION ..................................................................................................................... 5

I.    None Of The Affirmative Defenses Contains Sufficient Factual Allegations, And Many Are Improper Attempts To Dispute The Elements Of Facebook's Claims. ...................................................................................................................... 5

    A.    First Affirmative Defense (Failure to State a Claim) ........................................ 6

    B.    Second Affirmative Defense (Lack of Personal Jurisdiction) ........................... 6

    C.    Third Affirmative Defense (Laches, Waiver, and/or Estoppel) ........................ 7

    D.    Fourth Affirmative Defense (Unclean Hands) ................................................. 8

    E.    Fifth Affirmative Defense (Statute of Limitations) .......................................... 9

    F.    Sixth Affirmative Defense (Unconscionability) ............................................. 10

    G.    Seventh Affirmative Defense (Accord, Satisfaction and/or Novation) .......... 10

    H.    Eighth Affirmative Defense (Ratification) ..................................................... 11

    I.    Ninth Affirmative Defense (Lack of Consideration) ...................................... 12

    J.    Tenth Affirmative Defense (Failure of Consideration) ................................... 12

    K.    Eleventh Affirmative Defense (Mistake) ....................................................... 13

    L.    Twelfth Affirmative Defense (Fraud and Illegality) ....................................... 13

    M.    Thirteenth Affirmative Defense (Lack of Standing) ....................................... 14

    N.    Fourteenth Affirmative Defense (Modification of Written Contract by Oral Agreement) ......................................................................................... 14

    O.    Fifteenth Affirmative Defense (Good Faith Mistaken Belief) ........................ 14

    P.    Sixteenth Affirmative Defense (No Damages) ............................................... 15

    Q.    Seventeenth Affirmative Defense (Failure to Mitigate Damages) .................. 16

    R.    Eighteenth Affirmative Defense (Defendant Not a Party to Underlying Contract) ...................................................................................................... 16

II.     The Court Should Strike Rankwave's Improper Reservation Of The Right To
        Assert "Additional Affirmative Defenses." ............................................................... 16

III.    The Court Should Strike Rankwave's Improper Attempt To Shift Its Burden
        Of Proving Affirmative Defenses. .......................................................................... 17

IV.     The Court Should Not Give Rankwave Leave To Amend Affirmative Defenses
        1, 9, 10, 13, 15, 16, and 18. ................................................................................. 17

CONCLUSION ................................................................................................................................ 18

Gibson, Dunn &
Crutcher LLP

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

**Cases**

4

*ABC Distrib., Inc. v. Living Essentials LLC*,
5
 2016 WL 8114206 (N.D. Cal. Apr. 26, 2016) ...............................................................14

6

*Bakst v. Cmty. Mem'l Health Sys., Inc.*,
 2011 WL 13214315 (C.D. Cal. Mar. 7, 2011) ...............................................................15

7

*Bonshahi v. Fedex Corp.*,
8
 2012 WL 3638608 (N.D. Cal. Aug. 22, 2012).........................................6, 9, 14, 16, 17

9

*Bottoni v. Sallie Mae, Inc.*,
 2011 WL 3678878 (N.D. Cal. Aug. 22, 2011)..........................................................7, 10

10

*CTF Dev., Inc. v. Penta Hosp., LLC*,
11
 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009).......................................................9, 11, 13

12

*Dion v. Fulton Friedman & Gullace LLP*,
 2012 WL 160221 (N.D. Cal. Jan. 17, 2012) .....................................................2, 5, 7, 11
13

14

*Fishman v. Tiger Nat. Gas Inc.*,
 2018 WL 4468680 (N.D. Cal. Sept. 18, 2018) ..................................................5, 7, 11

15

*G & G Closed Circuit Events, LLC v. Nguyen*,
16
 2013 WL 132471 (N.D. Cal. Jan. 9, 2013) .......................................................5, 15, 16

17

*Gold Club-SF, LLC v. Platinum SJ Enter.*,
 2013 WL 6248475 (N.D. Cal. Dec. 3, 2013) .................................................................13

18

*Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*,
19
 313 F.R.D. 572 (N.D. Cal. 2016) .............................................................................10, 12

20

*Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*,
 2016 WL 8469189 (N.D. Cal. Dec. 19, 2016) ...............................................................15

21

*Ins. Co. of the State of Pennsylvania v. Citizens of Humanity LLC*,
22
 2014 WL 12689271 (C.D. Cal. Feb. 24, 2014)....................................................9, 16, 17

23

*Izett v. Crown Asset Mgmt., LLC*,
 2018 WL 6592442 (N.D. Cal. Dec. 14, 2018)............................................................9, 11

24

*J & J Sports Prods., Inc. v. Vizcarra*,
25
 2011 WL 4501318 (N.D. Cal. Sept. 27, 2011) ..............................................................14

26

*Jansen v. Travelers Commercial Ins. Co.*,
 2017 WL 607610 (N.D. Cal. Feb. 15, 2017) .........................................................5, 6, 15, 18
27

28

*Landmark Equity Fund, II, LLC v. Arias*,
 2015 WL 4224176 (E.D. Cal. July 10, 2015) ................................................................11

*Martinez v. Cty. of Sonoma*,
    2016 WL 1275402 (N.D. Cal. Apr. 1, 2016) ......................................4, 5, 6, 9, 14, 16, 18

*Mission Trading Co. v. Lewis*,
    2016 WL 4791773 (N.D. Cal. Sept. 13, 2016) ...........................................................13

*Murphy v. Trader Joe's*,
    2017 WL 235193 (N.D. Cal. Jan. 19, 2017) ................................................................9

*Otey v. CrowdFlower, Inc.*,
    2013 WL 5734146 (N.D. Cal. Oct. 22, 2013) ...........................................6, 9, 15, 17

*Perez v. Gordon & Wong Law Group, P.C.*,
    2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) ...............................................4, 6, 14

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
    402 F. Supp. 3d 615 (N.D. Cal. 2019) .......................................................................15

*Polo v. Shwiff*,
    2013 WL 1797671 (N.D. Cal. Apr. 29, 2013) ...........................................................10

*Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*,
    2017 WL 1330598 (N.D. Cal. Apr. 11, 2017) ...................................................7, 12, 13

*Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*,
    2017 WL 3284177 (N.D. Cal. Aug. 2, 2017) ............................................................10

*Qarbon.com Inc. v. eHelp Corp.*,
    315 F. Supp. 2d 1046 (N.D. Cal. 2004) .......................................................................5

*Savage v. Citibank N.A.*,
    2015 WL 4880858 (N.D. Cal. Aug. 14, 2015) ...........................................3, 8, 11, 13, 15

*Snap! Mobile, Inc. v. Croghan*,
    2019 WL 884177 (N.D. Cal. Feb. 22, 2019) .........................................................4, 17

*Solis v. Couturier*,
    2009 WL 2022343 (E.D. Cal. July 8, 2009) ..............................................................11

*TSX Toys, Inc. v. 665, Inc.*,
    2015 WL 12746211 (C.D. Cal. Sept. 23, 2015) ........................................................15

*Ujhelyi v. Vilsack*,
    2013 WL 6174491 (N.D. Cal. Nov. 25, 2013) .......................................................8, 17

*Vogel v. OM ABS, Inc.*,
    2014 WL 340662 (C.D. Cal. Jan. 30, 2014) ..............................................................18

*Washington v. Cambra*,
    1997 WL 123132 (N.D. Cal. Mar. 7, 1997) .................................................................7

*Whiting v. City of Palm Desert*,
    2018 WL 6034968 (C.D. Cal. May 17, 2018) ...........................................................17

Gibson, Dunn &
Crutcher LLP

*Wyshak v. City Nat'l Bank*,
    607 F.2d 824 (9th Cir. 1979)..................................................................................................4

*Youssofi v. Allied Interstate LLC*,
    2016 WL 29625 (S.D. Cal. Jan. 4, 2016)..............................................................................13

*Zivkovic v. S. California Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002)..............................................................................................12

**Statutes**

Cal. Code Civ. Proc. § 337.................................................................................................................10

**Rules**

Fed. R. Civ. P. 12(f) ......................................................................................................................1, 4

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1297 (4th ed. 2019).........................13

Gibson, Dunn &
Crutcher LLP

PLAINTIFF FACEBOOK, INC.'S MOTION TO STRIKE AFFIRMATIVE DEFENSES, CASE NO. 4:19-CV-03738-JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on February 12, 2020, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jon S. Tigar, U.S. District Judge for the Northern District of California, located at 1301 Clay Street, Oakland, California, in Courtroom 6, 2nd Floor, the undersigned Plaintiff Facebook, Inc. ("Facebook") will and hereby does move the Court to strike the section entitled "Rankwave's Affirmative Defenses," the section entitled "Additional Affirmative Defenses," and all eighteen affirmative defenses asserted in the Answer of Defendant Rankwave Co., Ltd. ("Rankwave"), and to deny Rankwave leave to amend affirmative defenses 1, 9, 10, 13, 15, 16, and 18.

Facebook brings this Motion pursuant to Federal Rule of Civil Procedure 12(f).  This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the files and pleadings in this action, the arguments of counsel, and any such other matters as the Court may consider.

## RELIEF REQUESTED

Facebook respectfully requests that the Court enter an order striking the section entitled "Rankwave's Affirmative Defenses," the section entitled "Additional Affirmative Defenses," and all eighteen affirmative defenses asserted in Rankwave's Answer, and denying Rankwave leave to amend affirmative defenses 1, 9, 10, 13, 15, 16, and 18.

Gibson, Dunn &
Crutcher LLP

1

## **INTRODUCTION**

2      In this straightforward case involving two contract-based claims, Facebook seeks to enforce its
3  contractual rights to obtain information from Rankwave about whether Rankwave complied with
4  Facebook's Terms of Service and Platform Policy (the "policies").  Rankwave accepted those policies
5  in exchange for obtaining access to Facebook's Developer Platform.  On the Platform, Rankwave
6  created dozens of applications ("apps"), providing services to, and collecting data from, those who used
7  Rankwave's apps.  Each time Rankwave created one of its apps on Facebook, it accepted Facebook's
8  policies and agreed not to use any data obtained from its apps for its own business purposes, and further
9  agreed to comply with Facebook's requests for proof of compliance with those policies.  *See* Compl.
10  ¶¶ 18-20, ECF No. 1-1 (June 27, 2019); Decl. of Ronak Parekh ¶ 16, ECF No. 17 (Aug. 2, 2019)
11  ("Parekh Decl.").

12      Pursuant to the policies, Facebook requested Rankwave's proof of compliance on multiple
13  occasions in January and February 2019.  *See* Def.'s Answer to Compl. ¶¶ 27-38, ECF No. 38 (Dec.
14  13, 2019) ("Answer").  Rankwave refused to provide the requested proof.  *See* Compl. ¶¶ 29, 33, 35,
15  39. So Facebook brought this case to obtain injunctive and other relief requiring Rankwave to do what
16  it is contractually obligated to do:  respond fully and accurately to Facebook's request for proof of
17  compliance.

18      Rankwave's stonewalling has continued.  It first tried to avoid this litigation altogether, filing
19  a motion to dismiss the case for lack of personal jurisdiction and *forum non conveniens*, littering the
20  motion with baseless and irrelevant claims that Facebook is somehow abusing the judicial system. *See*,
21  *e.g.*, Mot. to Dismiss at 2, ECF No. 12 (July 12, 2019).  The Court largely denied that motion, requiring
22  Rankwave to answer the Complaint.

23      In its Answer, Rankwave asserts eighteen affirmative defenses that have no apparent or
24  explained relation to Facebook's claims, and are instead an effort to distract from Rankwave's breaches
25  of contract that are at issue in this case.  Many of Rankwave's defenses merely recite the elements of a
26  legal doctrine; others are not affirmative defenses at all; and none contains the requisite factual
27  allegations to give Facebook "notice of the underlying factual bases of the defense." *Dion v. Fulton*
28  *Friedman & Gullace LLP*, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012) (striking affirmative

defenses).  The Answer "reads more like a law school competition to devise the greatest number of affirmative defenses, without regard to fact or law, than a thoughtful and considered response to a straightforward lawsuit." *Savage v. Citibank N.A.*, 2015 WL 4880858, at *4 (N.D. Cal. Aug. 14, 2015) (striking affirmative defenses).

The Court should reject Rankwave's kitchen-sink approach to pleading; strike all of the affirmative defenses; deny leave to amend defenses 1, 9, 10, 13, 15, 16, and 18; and proceed to the merits of the two claims about whether Rankwave breached its contractual obligations to Facebook.

## **BACKGROUND**

Rankwave built its business based on accessing Facebook's Developer Platform, creating dozens of apps on the Platform during a period of more than six years, using the apps to collect data, and then using that data to offer advertising and marketing services.  *See* Compl. ¶¶ 1, 21, 24-26.

As a prerequisite to gaining access to the Platform, Rankwave—like all app developers—accepted and agreed to comply with two Facebook policies:  the Terms of Service and the Platform Policy.  *See* Compl. ¶ 13; Decl. of Michael Duffey ¶ 3, ECF No. 16 (Aug. 2, 2019).  Rankwave accepted the Terms of Service when it created a Facebook account in February 2012, and it continued to operate that account—and be bound by that policy—until approximately May 2019.  Compl. ¶¶ 19, 47; Parekh Decl. ¶ 24.  Rankwave accepted the Platform Policy each time it created a new app—more than thirty of them—between 2011 and May 2019.  *See* Compl. ¶¶ 2, 20-21, 35; Parekh Decl. ¶¶ 16, 19.

The Platform Policy required Rankwave to respond to Facebook's requests for proof of compliance with its policies and to undergo an audit to confirm compliance.  *See* Compl. ¶ 18. Rankwave, however, refused to comply with its contractual obligations after Facebook began investigating whether Rankwave had improperly used data obtained from apps to provide marketing and advertising services, which would violate the Platform Policy.  *See id*. ¶¶ 26-39.  Facebook also was investigating whether data associated with Rankwave's apps was part of Rankwave's valuation when a large Korean company acquired Rankwave in May 2017.  *See id*. ¶¶ 24-25.

After Rankwave refused to provide proof of compliance, Facebook filed this action and asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of California's Unfair Competition Law ("UCL").  *See* Compl. ¶¶ 46-59.  Rankwave moved

to dismiss for lack of personal jurisdiction and *forum non conveniens*, and also for failure to state a UCL claim.  *See generally* Mot. to Dismiss, ECF No. 12 (July 12, 2019).

The Court largely denied Rankwave's motion, dismissing the UCL claim while finding personal jurisdiction over Rankwave and concluding that this forum is proper.  *See* Order, ECF No. 34 at 15, 20 (Nov. 13, 2019).  As a result, there are only two claims in this case:  one for breach of contract and another for breach of the implied covenant of good faith and fair dealing.

Rankwave filed its Answer on December 13, 2019.  The Answer asserts eighteen affirmative defenses that largely recite legal doctrines without explaining how or why they apply to this case.  *See* Answer 10-13.  For example, Rankwave asserts that the Complaint fails because Facebook's policies "are unconscionable," *id.* at 11, but does not allege why or how.  Rankwave also asserts that the Complaint "is precluded by the doctrine of unilateral mistake," *id.*, but does not identify what mistake it supposedly made when agreeing to Facebook's policies.  And Rankwave generally asserts that the policies "have been modified" by some unidentified "oral agreement."  *Id.* at 12.

Notably, despite that it is well-established that a defendant bears the burden of proving all affirmative defenses raised, the Answer asserts that "Rankwave does not agree or concede that it bears the burden of proof or the burden of persuasion on any of" the affirmative defenses.  *Id.* at 10.  Further, Rankwave "intends and reserves the right" to raise "other" unspecified affirmative defenses at some unknown future time.  *Id.* at 13.

## LEGAL STANDARD

"The court may strike from the pleadings an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "A defense is insufficiently pleaded if it fails to give a plaintiff 'fair notice' of the nature of the defense."  *Martinez v. Cty. of Sonoma*, 2016 WL 1275402, at *1 (N.D. Cal. Apr. 1, 2016) (Tigar, J.) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).

"This Court, as well as the vast majority of district courts, has held that the heightened pleading standard for complaints articulated in *Twombly* and extended to all civil complaints in *Iqbal* applies to affirmative defenses."  *Snap! Mobile, Inc. v. Croghan*, 2019 WL 884177, at *2 (N.D. Cal. Feb. 22, 2019); *see also Perez v. Gordon & Wong Law Group, P.C.*, 2012 WL 1029425, at *8 (N.D. Cal. Mar.

26, 2012) (collecting cases). "[A]pplying this heightened pleading standard requires a defendant to provide some valid factual basis for pleading an affirmative defense and allows a district court to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings." *Martinez*, 2016 WL 1275402, at *2 (quotation marks omitted). "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Id.* "Mere labels and conclusions do not suffice." *Dion*, 2012 WL 160221, at *2.

## DISCUSSION

**I. None Of The Affirmative Defenses Contains Sufficient Factual Allegations, And Many Are Improper Attempts To Dispute The Elements Of Facebook's Claims.**

The Court should strike all of Rankwave's affirmative defenses because they "fail to put [Facebook] on notice of the underlying factual bases of the defense[s]," are not "plausible on [their] face," and amount to an "unfounded fishing expedition[ ] on matters for which [Rankwave] bear[s] the burden of proof." *Jansen v. Travelers Commercial Ins. Co.*, 2017 WL 607610, at *4 (N.D. Cal. Feb. 15, 2017) (Tigar, J.) (striking affirmative defenses in a breach of contract case) (quotation marks omitted). Most of the affirmative defenses merely assert a legal conclusion or recite a legal doctrine, but "not one court in this district has permitted (over objection) an affirmative defense that asserted a mere legal conclusion." *Fishman v. Tiger Nat. Gas Inc.*, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018). Likewise, a "reference to a doctrine, like a reference to statutory provisions, is insufficient notice." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (striking affirmative defenses).

Many of Rankwave's affirmative defenses are also improper, immaterial, and insufficient because they "do not actually constitute affirmative defenses" and instead raise irrelevant issues or assert "that [Facebook] cannot prove the elements" of its claims. *G & G Closed Circuit Events, LLC v. Nguyen*, 2013 WL 132471, at *3 (N.D. Cal. Jan. 9, 2013) (striking affirmative defenses). An "affirmative defense" that claims a "plaintiff has not met its burden of proof is not an affirmative

defense" at all; it is a type of negative defense that this Court routinely strikes.  *Otey v. CrowdFlower, Inc.*, 2013 WL 5734146, at *4 (N.D. Cal. Oct. 22, 2013) (Tigar, J.).[1]

### A.     First Affirmative Defense (Failure to State a Claim)

Rankwave's first affirmative defense reads in full:  "The Complaint, in whole or in part, fails to state a claim upon which relief can be granted."  Answer 10.

The Court should strike this defense because "failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in a plaintiff's prima facie case."  *Martinez*, 2016 WL 1275402, at *2 (striking affirmative defense for failure to state a claim) (alterations and quotation marks omitted); *see also Jansen*, 2017 WL 607610, at *2 (same).  "Furthermore, even were the Court to consider it an affirmative defense, it is insufficiently pleaded" because Rankwave does not provide any explanation or factual allegations to support its conclusory assertion that the Complaint fails to state a claim. *Bonshahi v. Fedex Corp.*, 2012 WL 3638608, at *3 (N.D. Cal. Aug. 22, 2012).

### B.     Second Affirmative Defense (Lack of Personal Jurisdiction)

Rankwave's second affirmative defense reads in full:  "The Complaint, in whole or in part, is barred because this Court lacks personal jurisdiction over Rankwave, for the reasons set forth in Rankwave's Motion to Dismiss for Lack of Personal Jurisdiction or Inconvenient Forum, or, in the alternative, to Dismiss Facebook's UCL Claim and accompanying pleadings."  Answer 10.

This affirmative defense is insufficiently pleaded because it merely "recites a legal conclusion but fails to point to the existence of some identifiable fact that if applicable . . . would make the affirmative defense plausible on its face."  *Perez*, 2012 WL 1029425, at *10 (quotation marks omitted). Although this affirmative defense invokes Rankwave's jurisdictional arguments from its motion to dismiss, the Court already rejected those arguments, and that ruling is now the law of the case.  *See* Order at 6-15 (ECF No. 34).  The Court should reject Rankwave's attempt to resurrect a dispute that the Court already has resolved, especially because Rankwave does not plead any new facts to support its previously defeated argument.

---

[1]  As pleaded, the affirmative defenses are also meritless, and nothing Rankwave alleges in the Answer justifies or otherwise excuses its breaches of contract as detailed in Facebook's Complaint.

Gibson, Dunn &
Crutcher LLP

1

### C.      Third Affirmative Defense (Laches, Waiver, and/or Estoppel)

2        Rankwave's third affirmative defense reads in full:  "The Complaint, in whole or in part, is

3   precluded by the doctrines of laches, waiver, and/or estoppel, because of, *inter alia*, Facebook, Inc.'s

4   improper use, monetization, and disclosure of its own users' data, as well as its conduct with respect to

5   other app developers' or third parties' use of data found on the 'Facebook' platform, as well as

6   Facebook, Inc.'s prior knowledge of, and acquiescence to, Rankwave's own business model."  Answer

7   10.

8        The Court should strike this affirmative defense because it too "lack[s] any facts to support

9   [Rankwave's] conclusory allegations."  *Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*,

10  2017 WL 1330598, at *5 (N.D. Cal. Apr. 11, 2017) (striking affirmative defenses for "laches, estoppel,

11  . . . and waiver").  Vague allegations about Facebook monetizing data and acquiescing to Rankwave's

12  business model do not support a laches, waiver, or estoppel defense.  As to laches, Rankwave does not

13  plead the necessary elements of "lack of diligence by the party against whom the defense is asserted

14  and proof of prejudice to the party asserting the defense."  *Washington v. Cambra*, 1997 WL 123132,

15  at *2 (N.D. Cal. Mar. 7, 1997).  As to waiver, Rankwave "fails to point to any facts that would suggest

16  [Facebook] ever intended to relinquish a known right or even what the right was that [Facebook]

17  supposedly waived."  *Fishman*, 2018 WL 4468680, at *4.  And as to estoppel, Rankwave does not "set

18  forth either the elements of the doctrine or the facts supporting its application."  *Bottoni v. Sallie Mae,*

19  *Inc.*, 2011 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011).

20        Indeed, Rankwave fails to identify *which* doctrine(s) it intends to rely on; it could be relying on

21  laches, waiver, "and/or" estoppel.  Answer 10 (emphasis added).  Rankwave also fails to explain which

22  of its conclusory allegations about "use," "monetization," and "acquiescence" are relevant to which

23  doctrine, and how so.  Rankwave's threadbare pleading "leav[es] it to Plaintiff, and this Court, to

24  guess."  *Dion*, 2012 WL 160221, at *3 (striking affirmative defense that improperly "offer[ed] Plaintiff

25  a choice between statute of limitations 'and/or' laches").

26        Moreover, there is no plausible basis for asserting that laches, waiver, "and/or" estoppel are

27  relevant to the claims in this case.  Rankwave admits that Facebook requested proof of compliance

28  with Facebook's policies, *see* Answer 27-38, and the Answer (correctly) does not claim that Rankwave

Gibson, Dunn &
Crutcher LLP

1   ever complied with those requests.  Specifically, Rankwave ignored Facebook's request for information

2   on January 17, 2019, and then ignored a follow-up request on January 29.  Compl. ¶¶ 27-29.  On

3   February 13, 2019, Facebook attempted to exercise its right to audit Rankwave's data practices via a

4   cease-and-desist letter that again sought proof of Rankwave's compliance with Facebook's policies.

5   *Id.* ¶ 30.  Rankwave responded four days later and claimed it needed more time to provide the requested

6   information.  *Id.* ¶ 33.  Facebook thereafter repeatedly extended Rankwave's deadline to respond, *id.*

7   ¶¶ 34, 36, 38, including until March 6, 2019, *id.* ¶ 38.  Rankwave, however, never provided the

8   requested information or submitted to an audit, *id.* ¶¶ 34, 39, and Facebook filed this action on May

9   10, 2019.

10          In short, Facebook did not sit on its hands, excuse Rankwave from providing the requested

11   information, or otherwise represent that the Terms of Service and Platform Policy no longer apply to

12   Rankwave.  The doctrines of laches, waiver, and/or estoppel have no conceivable connection to the

13   two contract-based claims pleaded in the Complaint, and appear to be an improper attempt to burden

14   Facebook—and the Court—with a "barrage of claims" before the parties "engage[ ] in costly

15   discovery."  *Savage*, 2015 WL 4880858, at *4.

16          **D.      Fourth Affirmative Defense (Unclean Hands)**

17          Rankwave's fourth affirmative defense reads in full:  "The Complaint, in whole or in part, is

18   barred by the doctrine of unclean hands because of Facebook, Inc.'s own patterns and practices with

19   respect to, *inter alia*:  (a) its use of user data found on the 'Facebook' platform, and (b) its conduct with

20   respect to other app developers' or third parties' use of data found on the 'Facebook' platform."

21   Answer 10.

22          These vague references to unidentified "use of user data" and other "conduct with respect to"

23   third parties, *id.*, "do not point to the existence of some identifiable fact that if applicable to [Facebook]

24   would make the affirmative defense plausible on its face."  *Ujhelyi v. Vilsack*, 2013 WL 6174491, at

25   *3 (N.D. Cal. Nov. 25, 2013) (quotation marks omitted).  Rankwave does not identify the purported

26   data practices, conduct, or third parties on which it bases this purported affirmative defense.  "[S]imply

27   stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what*

28   behavior has allegedly given them 'unclean hands.'"  *CTF Dev., Inc. v. Penta Hosp., LLC*, 2009 WL

3517617, at *7 (N.D. Cal. Oct. 26, 2009) (striking "unclean hands" affirmative defense that merely recited a legal conclusion); *see also Ins. Co. of the State of Pennsylvania v. Citizens of Humanity LLC*, 2014 WL 12689271, at *5 (C.D. Cal. Feb. 24, 2014) (striking "unclean hands" affirmative defense that "fail[ed] to make allegations with factual content that support its conclusions").

Nor could "unclean hands" possibly serve as a defense to the two contract-based claims asserted in the Complaint.  Rankwave refused Facebook's requests for information and an audit, and used data associated with its apps for its own business purposes, in violation of its agreement with Facebook. How *Facebook* or a *third party* uses data in some other context is irrelevant:  the terms of the bargain that *Rankwave* accepted in exchange for accessing the Platform prohibit *Rankwave* from using data associated with apps for its own business purposes and require *Rankwave* to comply with Facebook's information and audit requests.

### E.    Fifth Affirmative Defense (Statute of Limitations)

Rankwave's fifth affirmative defense reads in full:  "The Complaint, in whole or in part, is barred by the applicable statute of limitations."  Answer 10.

Here again, Rankwave has "not pleaded any facts from which [Facebook] or this Court can determine the plausibility of any statute of limitation defense." *Otey*, 2013 WL 5734146, at *5 (striking similarly threadbare affirmative defense); *see also Bonshahi*, 2012 WL 3638608, at *3 (similar). Rankwave, for example, makes "no mention of the applicable statute," the dates when the limitations period supposedly started and expired, or "any other facts that would suggest that [Facebook's] claims are time-barred." *Izett v. Crown Asset Mgmt., LLC*, 2018 WL 6592442, at *2 (N.D. Cal. Dec. 14, 2018) (striking "statute of limitations" affirmative defense); *see also Murphy v. Trader Joe's*, 2017 WL 235193, at *3 (N.D. Cal. Jan. 19, 2017) (striking "statute of limitations" affirmative defense because "defendant neither cites a particular statute nor references particular dates"); *Martinez*, 2016 WL 1275402, at *3 (striking "conclusory, boilerplate" affirmative defense that "the complaint is barred by the applicable statute of limitations").

Nor is there any conceivable basis for a statute-of-limitations defense—which might explain why Rankwave never raised such an argument in its motion to dismiss.  Facebook filed this lawsuit within one year of obtaining information that Rankwave was using data associated with its apps for its

own business purposes, and within a few months after Rankwave refused to provide proof of compliance and refused to submit to an audit.  *See* Compl. ¶¶ 26, 29, 33.  There is a four year statute of limitations for both breach of contract and breach of the implied covenant of good faith and fair dealing based on a written contract.  *See* Cal. Code Civ. Proc. § 337; *see also Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, 2017 WL 3284177, at \*3, \*5 (N.D. Cal. Aug. 2, 2017).

### F.     Sixth Affirmative Defense (Unconscionability)

Rankwave's sixth affirmative defense reads in full:  "The Complaint fails, in whole or in part, because Facebook, Inc.'s and other 'Facebook' entities' TOS and Platform Policies are unconscionable."  Answer 11.

The Court should strike this single-sentence, boilerplate legal conclusion because it does "not include[ ] any factual conduct . . . that would demonstrate the basis" for this defense.  *Polo v. Shwiff*, 2013 WL 1797671, at \*5 (N.D. Cal. Apr. 29, 2013) (striking an "unconscionability" affirmative defense); *see also Bottoni*, 2011 WL 3678878, at \*2 (striking affirmative defense that "does not include an articulated connection to the particular circumstances of the case").

### G.     Seventh Affirmative Defense (Accord, Satisfaction and/or Novation)

Rankwave's seventh affirmative defense reads in full:  "Facebook, Inc.'s claims are barred, in whole or in part, by the doctrines of accord and satisfaction and/or novation.  To the extent any contract existed between the parties (which there was not) Facebook, Inc. agreed, by words or conduct, to cancel the original contracts and to substitute a new contract in its place, such that the original contracts are not enforceable."  Answer 11.

This affirmative defense merely pleads conclusions of law and elements of a legal doctrine without providing any supporting facts.  Rankwave does not allege, for example, when the supposed "novation" occurred, what "words or conduct" canceled the "original contracts," or what terms control the "new contract."  Again, "mere reference to a legal doctrine is not a sufficient affirmative defense absent allegations of supporting facts."  *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 576 (N.D. Cal. 2016).

Rankwave further fails to specify *which* of these doctrines it intends to rely on—the doctrine could be accord, satisfaction, "and/*or*" novation.  Answer 11 (emphasis added).  Facebook can only

guess, and "[t]his will not do." *Dion*, 2012 WL 160221, at *3. "Under the *Iqbal* standard, the burden is on the *defendant* to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended." *CTF Dev.*, 2009 WL 3517617, at *8 (emphasis in original).

### H.   Eighth Affirmative Defense (Ratification)

Rankwave's Eighth Affirmative Defense reads in full:  "Facebook, Inc.'s claims are barred, in whole or in part, by the doctrine of ratification because of Facebook, Inc.'s prior knowledge of, and acquiescence to, Rankwave's business model."  Answer 11.

The Court should strike this affirmative defense because it is "limited to [a] single-sentence recitation[ ]" of a "'mere legal conclusion[ ]'" that does not establish the factual plausibility of the defense. *Fishman*, 2018 WL 4468680, at *5 (citation omitted); *see also Savage*, 2015 WL 4880858, at *3 (striking "ratification" affirmative defense that lacked supporting factual allegations); *Landmark Equity Fund, II, LLC v. Arias*, 2015 WL 4224176, at *5 (E.D. Cal. July 10, 2015) (similar).

This affirmative defense also makes no sense.  "[R]atification is a legal doctrine which operates to *validate* an otherwise voidable contract." *Solis v. Couturier*, 2009 WL 2022343, at *2 (E.D. Cal. July 8, 2009) (emphasis added).  Insofar as Rankwave is contending that its contracts with Facebook could have been voidable, but are in fact valid under the doctrine of ratification, this "defense" may be immaterial and irrelevant because the parties apparently agree that Facebook's policies are a valid, enforceable contract. *See Izett*, 2018 WL 6592442, at *1 ("In addition to factually insufficient defenses, a court may also strike from an answer matter that is immaterial or impertinent."); *cf.* Compl. ¶ 47 (alleging that "Rankwave entered into agreements with Facebook").

Nor is there any basis for a "ratification" defense based on Facebook's supposed knowledge of Rankwave's "business model."  Rankwave does not allege, for example, that Facebook knew Rankwave *breached* the Platform Policy—*e.g.*, by refusing Facebook's requests for proof of compliance—and yet nevertheless agreed that Rankwave's breach (or another policy violation) could continue.  To the contrary, Facebook filed this lawsuit within months of Rankwave refusing Facebook's requests.

### I.      Ninth Affirmative Defense (Lack of Consideration)

Rankwave's ninth affirmative defense reads in full:  "The Complaint fails, in whole or in part, for lack of consideration for all or parts of Facebook, Inc.'s contracts at issue."  Answer 11.

The Court should strike this affirmative defense because it merely pleads a conclusion of law without any supporting facts.  *See, e.g.*, *Axus Stationary*, 2017 WL 1330598, at *4 (striking affirmative defense of "failure of consideration" due to insufficient supporting factual allegations).  Further, insofar as Rankwave is asserting that Facebook cannot establish the elements of its claims, this is a negative defense, not an affirmative defense, and should be stricken accordingly.  *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

### J.      Tenth Affirmative Defense (Failure of Consideration)

Rankwave's tenth affirmative defense reads in full:   "The Complaint, in whole or in part, is precluded by the doctrine of failure of consideration for all or parts of Facebook, Inc.'s contracts at issue."  Answer 11.

The Court should strike this affirmative defense because it merely pleads a conclusion of law. Again, "mere reference to a legal doctrine is not a sufficient affirmative defense absent allegations of supporting facts."  *Hartford Underwriters*, 313 F.R.D. at 576.  Further, insofar as this defense merely disputes whether Facebook can establish an element of its claims, it also should be stricken on that basis because a "defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."  *Zivkovic*, 302 F.3d at 1088.

If, instead, Rankwave is asserting that Facebook somehow did not uphold its end of the bargain—*e.g.*, by not giving Rankwave the ability to create apps on the Facebook Platform after Rankwave accepted the Platform Policy—that assertion is refuted by Rankwave's admissions that it did indeed create and operate various apps on the Platform.  *See, e.g.*, Answer ¶ 22 ("Rankwave admits that it developed different kinds of apps, including apps used by businesses and apps used by individuals that use the Facebook.com website and the 'Facebook' mobile app."); ¶ 23 ("Rankwave admits that it operated different consumer apps, including the 'Rankwave App.'"); Decl. of Chang Kyu Park ¶ 2, ECF No. 23-2 (Aug. 15, 2019) (listing some of Rankwave's Facebook apps).

1    **K.     Eleventh Affirmative Defense (Mistake)**

2         Rankwave's eleventh affirmative defense reads in full:  "The Complaint, in whole or in part, is

3    precluded by the doctrine of unilateral mistake of fact or bilateral mistake."  Answer 11.

4         This affirmative defense merely pleads a conclusion of law without any supporting facts—a

5    particularly egregious failure because "allegations of mistake . . . must be stated 'with particularity'

6    under Federal Rule of Civil Procedure 9(b)."  *Savage*, 2015 WL 4880858, at *2 (striking "mistake"

7    affirmative defense).  At the very least, Rankwave must "allege the who, what, when, where, and how,"

8    which it has not even tried to do.  *Id.* (quotation marks omitted); *see also Youssofi v. Allied Interstate*

9    *LLC*, 2016 WL 29625, at *3-4 (S.D. Cal. Jan. 4, 2016) (striking "bona fide error" affirmative defense

10   not pleaded with the particularly required by Rule 9(b)).

11        Moreover, this affirmative defense fails to give fair notice to Facebook because it is pleaded in

12   the alternative:  the alleged mistake could be "unilateral . . . *or* bilateral."  Answer 11 (emphasis added).

13   Facebook and the Court can only guess which doctrine Rankwave thinks might apply.  Such vague

14   pleading improperly puts the burden on Facebook "to gamble on interpreting an insufficient defense in

15   the manner defendant intended."  *CTF Dev.*, 2009 WL 3517617, at *8.

16   **L.     Twelfth Affirmative Defense (Fraud and Illegality)**

17        Rankwave's twelfth affirmative defense reads in full:  "The Complaint, in whole or in part, is

18   precluded by the doctrines of fraud and illegality."  Answer 12.

19        The Court should strike this affirmative defense because it merely pleads conclusions of law

20   without any supporting facts.  *See, e.g.*, *Mission Trading Co. v. Lewis*, 2016 WL 4791773, at *2 (N.D.

21   Cal. Sept. 13, 2016) (Tigar, J.) (striking "fraud," "illegality," and other affirmative defenses because

22   the Court was "unable to determine" their factual basis).  Such threadbare pleading is especially

23   improper for a fraud defense, which is "subject to the heightened pleading requirements of Rule 9(b)."

24   5A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1297 (4th ed. 2019); *see also Gold*

25   *Club-SF, LLC v. Platinum SJ Enter.*, 2013 WL 6248475, at *3 (N.D. Cal. Dec. 3, 2013) ("In all

26   averments of fraud, including affirmative defenses, the circumstances constituting the fraud must be

27   stated with particularity."); *Axus Stationary*, 2017 WL 1330598, at *5 ("Rule 9(b) pleading standards

28   apply to affirmative defenses that sound in fraud or mistake.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**M.    Thirteenth Affirmative Defense (Lack of Standing)**

Rankwave's thirteenth affirmative defense reads in full:  "Facebook, Inc. lacks standing to pursue all or parts of the claims alleged in this action."  Answer 12.

The Court should strike this affirmative defense because Rankwave "provide[s] no explanation to support this conclusion."  *Bonshahi*, 2012 WL 3638608, at *3 (striking similar affirmative defense).  Moreover, "lack of standing is not an affirmative defense under federal law."  *J & J Sports Prods., Inc. v. Vizcarra*, 2011 WL 4501318, at *2 (N.D. Cal. Sept. 27, 2011); *see also ABC Distrib., Inc. v. Living Essentials LLC*, 2016 WL 8114206, at *2 (N.D. Cal. Apr. 26, 2016) (same); *Perez*, 2012 WL 1029425, at *11 (same).

**N.    Fourteenth Affirmative Defense (Modification of Written Contract by Oral Agreement)**

Rankwave's fourteenth affirmative defense reads in full: "Facebook, Inc.'s claims for relief are barred because any contracts at issue (of which Rankwave contends there are none) have been modified by oral agreement, which has been carried out by the parties."  Answer 12.

This conclusory assertion "fails to point to the existence of some identifiable fact that if applicable to [Facebook] would make the affirmative defense plausible on its face."  *Martinez*, 2016 WL 1275402, at *3 (citation omitted).  The assertion does not even identify *what* contract was supposedly modified—let alone when, where, or how it was modified by the "oral agreement," who agreed to the supposed modification, or how the parties have supposedly "carried out" the (unidentified) new agreement.  This complete lack of factual allegations fails to put Facebook "on notice for the basis of th[is] affirmative defense[ ]," does not give rise to a plausible defense, and should be stricken accordingly.  *Id.* at *4.

**O.    Fifteenth Affirmative Defense (Good Faith Mistaken Belief)**

Rankwave's fifteenth affirmative defense reads in full: "Facebook, Inc.'s claims for relief are barred because Rankwave's conduct at all times was taken in good faith, and in the belief that the conduct was lawful, proper, and justified.  Further, the conduct at all times had a legitimate and reasonable business purpose."  Answer 12.

This affirmative defense is a mere legal conclusion unsupported with any factual allegations. Moreover, insofar as Rankwave is claiming some sort of mistake, "defenses [that] constitute allegations of mistake . . . must be stated 'with particularity' under Federal Rule of Civil Procedure 9(b)." *Savage*, 2015 WL 4880858, at *2 (striking bona fide error and mistake defenses that "failed to allege . . . 'the who, what, when, where, and how' of the[ ] mistake"); *see also TSX Toys, Inc. v. 665, Inc*., 2015 WL 12746211, at *7 (C.D. Cal. Sept. 23, 2015) (similar).

If, instead, Rankwave is simply denying that it breached the implied covenant of good faith and fair dealing, this defense disputes the elements of Facebook's claim, is not a proper affirmative defense, and should be struck for that reason alone. *See, e.g.*, *Otey*, 2013 WL 5734146, at *4. On the other hand, if Rankwave is raising its subjective belief as some sort of attempted defense to Facebook's breach of contract claim, "[Rankwave's] subjective intent is legally irrelevant" to that claim and to determining the meaning of Rankwave's contractual obligations to Facebook. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 402 F. Supp. 3d 615, 666 (N.D. Cal. 2019); *see also Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214315, at *15 (C.D. Cal. Mar. 7, 2011) ("California courts have repeatedly held that motive is irrelevant in the context of a breach of contract claim.") (citing cases). Thus, Rankwave's subjective intent or understanding is "legally deficient" as an affirmative defense and should be struck without leave to amend. *Jansen*, 2017 WL 607610, at *2.

### P.     Sixteenth Affirmative Defense (No Damages)

Rankwave's sixteenth affirmative defense reads in full: "Facebook, Inc.'s claims for relief fail because Facebook, Inc. has no damages, in part because Facebook, Inc.'s reputation, public trust, and goodwill with respect to data privacy and use issues are so lacking that Rankwave could never have harmed them in any material way." Answer 12.

The Court should strike this defense because it is not an affirmative defense, but is instead an improper assertion that Facebook cannot establish an element of its claims. *See, e.g.*, *Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*, 2016 WL 8469189, at *2 (N.D. Cal. Dec. 19, 2016) (striking "lack of damages" affirmative defense because it is an improper "attack on the merits of [the] complaint"); *Nguyen*, 2013 WL 132471, at *3 (striking "lack of injury" defense because it does "not actually

constitute [an] affirmative defense[ ]").  The defense also lacks the requisite factual allegations to make it appear plausible and not a "mere possibility."  *Martinez*, 2016 WL 1275402, at *2.

### Q.     Seventeenth Affirmative Defense (Failure to Mitigate Damages)

Rankwave's seventeenth affirmative defense reads in full:  "Facebook, Inc. has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, in the manner and to the extent required by law, and any recovery by Facebook, Inc. must be diminished or barred by reason thereof."  Answer 12.

The Court should strike this affirmative defense because it merely pleads a legal conclusion and "fail[s] to make allegations to support [the] conclusion that [Facebook] failed to mitigate its damages, or identify the manner in which such damages could be mitigated."  *Citizens of Humanity LLC*, 2014 WL 12689271, at *5 (striking similarly threadbare affirmative defense for failure to mitigate damages); *see also Bonshahi*, 2012 WL 3638608, at *3 (similar).

### R.     Eighteenth Affirmative Defense (Defendant Not a Party to Underlying Contract)

Rankwave's eighteenth affirmative defense reads in full:  "Facebook, Inc.'s claims for relief are barred because Rankwave is not a party to any underlying contracts at issue."  Answer 13.

It is not clear what this assertion means because, again, Rankwave has not pleaded this defense "with sufficient particularity to give [Facebook] fair notice of the basis for the asserted defense." *Nguyen*, 2013 WL 132471, at *2.  Insofar as Rankwave is contending that it never accepted Facebook's Terms of Service or Platform Policy, this defense "simply embod[ies] the contention that [Facebook] will be unable to prove the elements of the claims contained in the Complaint" and, therefore, should be stricken as an improper negative defense.  *Id.* at *3.

## II.     The Court Should Strike Rankwave's Improper Reservation Of The Right To Assert "Additional Affirmative Defenses."

Rankwave's Answer includes a subsection called "Additional Affirmative Defenses" that "reserves the right . . . to rely upon such other defenses as may be found."  Answer 13.

This "reservation of an ability to raise other defenses is not a defense," "'serves no real purpose,'" and "'should be stricken.'"  *Nguyen*, 2013 WL 132471, at *3 (citation omitted).  A general "reservation to add more affirmative defenses at a later stage of the litigation . . . is not a defense of

any kind," and this Court routinely strikes such reservations.  *Citizens of Humanity LLC*, 2014 WL 12689271, at \*5 (striking a similar reservation of right); *see also Snap! Mobile*, 2019 WL 884177, at \*11 (similar); *Whiting v. City of Palm Desert*, 2018 WL 6034968, at \*7 (C.D. Cal. May 17, 2018) (similar); *Bonshahi*, 2012 WL 3638608, at \*5 (similar).

## III.   The Court Should Strike Rankwave's Improper Attempt To Shift Its Burden Of Proving Affirmative Defenses.

In a subsection entitled "Rankwave's Affirmative Defenses," Rankwave's Answer contends that, by asserting affirmative defenses, "Rankwave does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues."  Answer 9-10.

The Court also should strike this subsection.  "The defendant bears the burden of proof on an affirmative defense, in the same way that the plaintiff bears the burden of proof on a claim for relief." *Snap! Mobile*, 2019 WL 884177, at \*4 (striking paragraph in answer asserting that defendant "does not agree or concede that he bears the burden of proof or the burden of persuasion" on any affirmative defense).

## IV.   The Court Should Not Give Rankwave Leave To Amend Affirmative Defenses 1, 9, 10, 13, 15, 16, and 18.

Although this Court often gives defendants leave to amend their answers when striking affirmative defenses, the Court should not do so when amendment "would be futile," such as when a defense is immaterial, irrelevant, or merely denies the plaintiff's allegations.  *Ujhelyi*, 2013 WL 6174491, at \*3; *see also Polo*, 2013 WL 1797671, at \*5 ("In general, if a court . . . strikes affirmative defenses, leave to amend should be freely given, unless it would be futile.").

Here, amendment for any immaterial affirmative defense or a defense that merely denies the elements of Facebook's claims would be futile, as amendment could not transform immaterial defenses into material ones or negative defenses into affirmative ones.  *See, e.g.*, *Otey*, 2013 WL 5734146, at \*6 ("Because this defense is a denial rather than an affirmative defense, Plaintiffs' motion to strike is GRANTED WITHOUT LEAVE TO AMEND.").  Accordingly, for the reasons explained above, the Court should strike at least seven of Rankwave's defenses without leave to amend, including the first (failure to state a claim), ninth (lack of consideration), tenth (failure of consideration), thirteenth (lack of standing), fifteenth (good faith mistaken belief), sixteenth (no damages), and possibly the eighteenth

(defendant not a party) depending on what Rankwave means by that defense. *See, e.g.*, *Jansen*, 2017 WL 607610, at *2 (striking "failure to state a claim" defense without leave to amend); *Martinez*, 2016 WL 1275402, at *2 (same); *Vogel v. OM ABS, Inc.*, 2014 WL 340662, at *3 (C.D. Cal. Jan. 30, 2014) (striking "standing" defense without leave to amend).

## **CONCLUSION**

The Court should strike the section entitled "Rankwave's Affirmative Defenses," the section entitled "Additional Affirmative Defenses," and all eighteen affirmative defenses asserted in Rankwave's Answer, and deny Rankwave leave to amend defenses 1, 9, 10, 13, 15, 16, and 18.


DATED:  January 3, 2020                     GIBSON, DUNN & CRUTCHER LLP

                                            By:  */s/ Ethan D. Dettmer*
                                            Ethan D. Dettmer, SBN 196046
                                               edettmer@gibsondunn.com
                                            555 Mission Street, Suite 3000
                                            San Francisco, CA  94105-0921
                                            Telephone: 415.393.8200
                                            Facsimile: 415.393.8306

                                            Attorney for Facebook, Inc.